THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HARRY CROWELL, Defendant-Appellant.

First District (2nd Division)   No. 85—749

Opinion filed June 30, 1986.

Thomas Peters, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Paula M. Carstensen, and William J. Hielscher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, found guilty after a bench trial on four counts of exhibiting child pornography under section 11—20.1(a)(2) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1(a)(2)), was sentenced to concurrent 30-month terms of probation and fines of $2,500 on each count in addition to undergoing psychiatric counseling. He appeals contending that: (1) the State failed to prove one of the four charged instances of child pornography; and (2) the circuit court erred in excluding testimony asserted to establish defendant's disbelief or ignorance of the victimized children's ages.

The testimony and evidence produced at trial established the following facts. On April 22, 1984, a female (hereinafter Jackson), age 18,

telephoned defendant, obtaining his consent to take 13-year-old twin sisters to his apartment for a "photo session." After their arrival, Jackson introduced the twins to defendant, who did not ask their ages or request any identification, but remarked upon how lovely they were. Neither Jackson nor the twins volunteered their ages or any identification. Defendant then told Jackson and the twins to undress, directed their posing in lewd exhibitions of their genitalia and then took between 10 and 20 photographs of them, in some of which he posed with them.

After the "photo session," defendant and one of the twins went into his bedroom, prior to which he cautioned Jackson and the remaining twin "to just be still" and not to "mess with anything." Jackson and the remaining twin dressed. They found about 50 photographs of nude young girls in a dresser drawer, which Jackson had seen before when defendant had shown them to her during a previous visit. While Jackson and the twin were looking at the photographs, defendant emerged from the bedroom, saw what they were doing, allowed them to look at the photographs, but said they could not take any.

Defendant returned to the bedroom. Jackson and the remaining twin continued looking at the photographs. After about 20 minutes, defendant again emerged, now accompanied by the other twin. He paid the latter $30 and Jackson and the other twin $10 each, gave Jackson and each of the twins several of the photographs taken that day, and the three girls then left.

Defendant telephoned Jackson several days later asking her to contact the twins and tell them that one of them had left her bag at his apartment. Jackson then told defendant that the twins' mother had discovered some of the photographs and had stated that whoever took the photos would be in trouble. Jackson also told defendant that the twins were only 13 years old and advised him not to see them anymore. Defendant said that he did not believe her but, as he later testified, also "felt like somebody hit me *** with a sledge hammer."

During the rest of April, May and June, defendant exhibited photographs of the twins and other girls to co-employees at the fire station where he worked. He displayed the photographs both individually and later in an album consisting of more than 100 photographs. Some of the photos in the album were labeled with the apparent ages of the children depicted, 13 and 15 years. A fire department lieutenant testified that when defendant displayed the pictures to co-workers, he bragged about their ages of 12 and 13 and "was quite emphatic about the ages of the girls." Defendant also boasted of having had sexual intercourse with some of the children, including sisters.

On June 19, 1984, youth officers of the Chicago police department

obtained a warrant to search for photographic child pornography in defendant's apartment. While they were searching the apartment, defendant told the officers that the photographs were not there. After being read his *Miranda* warning (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602), defendant said that the photos were in his locker at the fire station. Another warrant to search the locker was secured; however, he agreed to go there with the police and consented to the searching of his locker. Defendant acknowledged that he knew the twins were 13 and that he had learned of their ages a few days after the photo session, but asserted that when he photographed them he did not know their ages nor did he ask their ages or for any identification.

Defendant was indicted on two counts of taking indecent liberties with a child, two counts of soliciting a child for child pornography and manufacturing child pornography, and four counts of exhibiting child pornography. (Ill. Rev. Stat. 1983. ch. 38, pars. 11—4(a), 11—20.1(a)(1)(vii), 11—20.1(a)(2), 11—20.1(a)(4).) The six child-pornography counts were tried together; the two indecent-liberties counts were held over for separate trial. After the close of the State's case, the court, on defendant's motion, found defendant not guilty on the two manufacturing and soliciting counts. Subsequently, at the close of the case, defendant was found guilty of exhibiting child pornography on the four remaining counts. He appeals.

I

■ Defendant initially contends that the State failed to prove him guilty on one of the four counts of exhibiting child pornography; specifically, the charge of exhibiting child pornography on April 22, 1984, to either Jackson or the twins. He contends that their viewing of his photographs was both surreptitious and on their own initiative. Defendant ignores his own actions, however, once he discovered them examining his photographs. When he told them they could continue to look at his photographs, and gave them several copies, defendant "exhibited" his child pornography to them.

In pertinent part, section 11—20.1(a)(2) of the Code at the time of the offenses provided (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1(a)(2));

"(a) A person commits the offense of child pornography who:
\*\*\*

(2) with the knowledge of the nature or content thereof, \*\*\* exhibits \*\*\* any film, videotape, photograph or other similar visual reproduction of any child under the age of 16 \*\*\* ['depicted or portrayed in any pose, posture or setting

involving a lewd exhibition of the genitals of the child or other person.' (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1(a)(1)(vii).)]."[1]

Although defendant's conduct in merely leaving his child pornography in a drawer in his living room and the subsequent discovery and examination of the material by others might not constitute an exhibition of child pornography, absent a showing that defendant had actually intended that the materials be found and viewed, no such showing was made here.

"Exhibiting" has been defined as showing, displaying or presenting to view. (*People v. Spargo* (1982), 103 Ill. App. 3d 280, 289, 431 N.E.2d 27, *appeal denied* (1982), 91 Ill. 2d 564.) In the case *sub judice,* defendant discovered Jackson and one of the twins examining his photographs. He then told them that they could look at the photographs, but not to take any. He may not have been responsible for Jackson's actions in exhibiting the photographs to one of the twins; however, he became responsible once he approved and encouraged the continuation of that exhibition. At that point, regardless of Jackson's or the twin's prior actions, defendant's expressed approval and direction constituted a display or presentation of the child pornography. The circuit court, therefore, did not err in finding defendant guilty of exhibiting child pornography.

## II

■ Defendant also contends that the circuit court erred in barring evidence tending to establish the existence of an affirmative defense.

Section 11—20.1(b)(1) of the Code at the time of the offenses provided (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1(b)(1)):

"It shall be an affirmative defense to a charge of child pornography that the defendant reasonably believed, under all of the circumstances, that the child was 16 years of age or older but only where, prior to the act or acts giving rise to a prosecution under this Section, he took some affirmative action or made a bonafide inquiry designed to ascertain whether the child was 16 years of age or older and his reliance upon the in-

---

[1]Section 11—20.1 has been amended extending child-pornography protection to children under the age of 18 and adding possession of child pornography to the list of criminal conduct in paragraph (2). (Pub. Act 84—1029.) Neither of these changes bear upon the case *sub judice.* Defendant here was convicted for conduct in which he engaged prior to the effective date of the amendment, November 18, 1985. Pub. Act 84—1029.

formation so obtained was clearly reasonable."[2]

Section 3—2 of the Code, establishing the burden of proof for affirmative defenses, at the time of the offenses provided in pertinent part (Ill. Rev. Stat. 1983, ch. 38, par. 3—2(b)):

> "If the issue involved in an affirmative defense *** is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense."[3]

In order to raise the section 11—20.1(b)(1) affirmative defense, defendant must present some evidence thereof (*People v. Smith* (1978), 71 Ill. 2d 95, 105, 374 N.E.2d 472; *People v. Delk* (1981), 96 Ill. App. 3d 891, 902, 421 N.E.2d 1341), comprised of three elements: (1) defendant must have reasonably believed under all the circumstances that the child was 16 or older; (2) prior to the proscribed act or acts, he must have taken some affirmative action or have made a *bona fide* inquiry as to the child's age; and (3) his reliance on the information received from his action or inquiry must have been clearly reasonable. (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1(b)(1).) Defendant here testified that he was told the twins were 17 before he began photographing them. That testimony sufficiently raised the issue of his reasonable belief that the twins were 16 or older. Accepting or rejecting that defense, however, was within the province of the fact finder. (*People v. Vriner* (1978), 74 Ill. 2d 329, 342, 385 N.E.2d 671, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858; *People v. Akis* (1976), 63 Ill. 2d 296, 298, 347 N.E.2d 733; *People v. Kelly* (1980), 89 Ill. App. 3d 400, 405-06, 411 N.E.2d 1012.) There was sufficient evidence adduced during the State's case in chief to disprove defendant's affirmative defense beyond a reasonable doubt. (Ill. Rev. Stat. 1983, ch. 38, par. 3—2(b).) When evidence is merely conflicting, a reviewing court will not substitute its judgment for that of the circuit court. (*People v. Akis* (1976), 63 Ill. 2d 296, 298-99, 347 N.E.2d 733.) A criminal conviction will not be reversed on appeal unless the evidence is so improbable that it raises a reasonable doubt of defendant's guilt. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) We cannot say that the circuit court so erred in the present case.

---

[2]This section was subsequently amended changing the age from 16 or older to 18 or older. Pub. Act 84—1029, effective November 18, 1985.

[3]This section was amended effective January 1, 1984, placing a preponderance of the evidence burden upon a defendant raising an insanity defense but otherwise retaining the predecessor section intact. Pub. Act. 83—288.

## III

■ Defendant next argues that the circuit court erred in excluding testimony of attempted blackmail, which he contends goes toward establishing his affirmative defense. The excluded testimony asserted that an unidentified man telephoned defendant several times during May and June of 1984, telling him that the twins were only 13 years old and that unless defendant "paid up," the blackmailer would go to the police with his information.

Defendant's theory appears to be as follows: because blackmailers are inherently untrustworthy, any information provided by a blackmailer is necessarily untrustworthy and unworthy of belief; the information asserted by the blackmailer was *per se* unreasonable and, conversely, a belief opposite to the blackmailer's position must perforce be reasonable; therefore, when the blackmailer said that the twins were 13, it added to defendant's confusion and he could reasonably believe that they were 16 or older when subsequently he displayed the photographs to his co-workers.

The false and convoluted character of this position is patent. The untrustworthiness of the blackmailer, defendant correctly notes, must be universally recognized. Similarly, the truth of the information which he threatens to disclose may be viewed with suspicion. It does not logically at all follow, however, that a reasonable man could completely disregard the blackmailer's assertions and still be reasonable in his own belief that a child was 16 or older without investigation or inquiry; mere disbelief or ignorance of a child's age is irrelevant. The statute requires a reasonable belief that the child is 16 or older, not confusion or ignorance. Whereas defendant could reasonably question the blackmailer's assertions, he could not merely believe the opposite to be true; nor does the blackmailer's assertion in any way support his reasonableness. The circuit court did not err in excluding the testimony.

## IV

■ Defendant urges error in the circuit court's exclusion of a fireman's testimony that defendant had told him he did not know the ages of the twins. This testimony was offered as a prior consistent statement rebutting the State's implication that defendant's ignorance of the twins' ages was a recent fabrication. Defendant's offer of proof indicated that a fireman would have testified that defendant told him he did not know the ages of the twins. This evidence does not support the affirmative defense of defendant's reasonable belief. Defendant's ignorance of the twins' ages is not at issue. The statutory affirmative

defense must be addressed to defendant's reasonable belief that the twins were 16 or older. The proffered testimony did not tend to raise the defense but merely attempted to show defendant's subjective ignorance, which has no bearing on his reasonable belief. The circuit court did not err in barring this testimony. Weighing the evidence and resolving the issues thereby raised was the role of the trier of fact, in this instance the circuit court. There was no error in its findings.

For the reasons stated, the judgment of the circuit court must be affirmed.

Affirmed.

BILANDIC, P.J., and SCARIANO, J., concur.