THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RODNEY KING, Defendant-Appellant.

Third District    No. 3—93—0460

Opinion filed December 30, 1993.—Rehearing denied January 19, 1994.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for
appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and
Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office,
of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Rodney King was charged by indictment with the of-
fense of burglary. The indictment alleged that on July 15, 1992,
defendant "without authority knowingly enter[ed] or remain[ed]
within a motor vehicle *** with the intent to commit a theft therein."
After waiving a jury trial, defendant was tried by the court on March
11, 1993.

Thomas Jasper, a security guard for the Par-A-Dice riverboat ca-
sino, testified that on July 15, 1992, he saw the defendant inside a car
parked in the casino parking lot. Subsequent testimony established
that the car belonged to a casino employee and that defendant had
not been given permission to enter it. Jasper ordered the defendant
to get out of the car, turn around and spread out his hands. When the
defendant opened his right hand, approximately 50 cents to a dollar in
change fell out. According to Jasper, when the defendant was later

asked what he was doing in the car, he stated that he was looking for change to find something to eat.

Doctor Mortimer Beck, a psychiatrist, testified for the defense concerning his examination of the defendant. According to Beck, the defendant suffered from chronic schizophrenia, drug and alcohol addiction and brain damage. In Beck's opinion, the defendant lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.

Doctor Robert Chapman testified in rebuttal that defendant suffered from substance abuse disorder and schizotypal personality disorder. According to Chapman, at the time of the burglary, the defendant was not suffering from a mental disease or defect that caused him to lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.

At the conclusion of the testimony and closing arguments, the trial court took the case under advisement. The court subsequently found the defendant guilty but mentally ill of burglary and sentenced him to a three-year term of imprisonment. The sole issue raised by the defendant on appeal is that the indictment is duplicitous and therefore void. We affirm.

In *People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340, our supreme court held that a criminal complaint charging the defendants with gambling was void because it failed to set forth the nature and elements of the charge with sufficient certainty. The court stated:

"The complaint charged that each defendant committed the offense of gambling in that 'She set up or promoted a Policy Game or (Sold) or (Offered to Sell) or (transferred) a ticket or (share) for a lottery or (sold) or (offered to sell) or (transferred) or (knowingly possessed) a policy ticket or other similar device: To Wit: Policy results tickets, Policy bet writings and other related gambling policy paraphernalia.' The complaint, following the language of the statute, charged the defendants in the disjunctive, that is, it charged that the defendants set up a policy game or promoted a policy game or sold tickets and so on. While a charge which follows the language of the statute defining the crime and uses the disjunctive 'or' will be sufficient under some circumstances, it will not be sufficient where the statute names disparate and alternative acts, any one of which will constitute the offense. [Citations.] The statute here named specific acts which constitute the crime of gambling, some of which acts are clearly disparate and alternative. The promoting of a policy game is not the same act as transferring a policy

ticket, for example. The use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing." *Heard*, 47 Ill. 2d at 504-05.

Twenty years later, in *People v. Capitol News, Inc.* (1990), 137 Ill. 2d 162, 560 N.E.2d 303, the court relied on *Heard* in finding that indictments charging that the defendants sold or delivered obscene magazines were void. After quoting from the same portion of the *Heard* opinion that we have quoted above, the *Capitol News* court stated:

"The [obscenity] statute involved provides that it is a crime if a person intentionally or recklessly '[s]ells, delivers or provides or offers or agrees to sell, deliver or provide any obscene writing.' [Citation.] Thus it describes disparate and alternative acts, the performance of any one of which constitutes the offense. Acts of sale and of delivery are alternate and disparate acts. It is not necessary that a delivery be a sale; material can be delivered without having been sold. A sale may not involve delivery of what is sold. The proof of one may not be proof of the other. We consider the indictments involved were void for duplicity." *Capitol News*, 137 Ill. 2d at 174-75, 560 N.E.2d at 308-09.

Finally, little more than one year ago, the supreme court again held that use of the disjunctive term "or" rendered a complaint duplicitous and void. In *People v. Eagle Books, Inc.* (1992), 151 Ill. 2d 235, 602 N.E.2d 798, the defendant was charged with 144 counts of obscenity for having "provided, offered for sale or otherwise made available an obscene magazine." (*Eagle Books*, 151 Ill. 2d at 238, 602 N.E.2d at 799.) The defendant contended that the complaint was void for duplicity and the court agreed, once again quoting *Heard*, as well as *Capitol News*.

The defendant in this case, unlike the defendants in *Capitol News* and *Eagle Books*, has raised the issue of the sufficiency of the charging instrument for the first time on appeal. "When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440; see also *People v. Hughes* (1992), 229 Ill. App. 3d 469, 592 N.E.2d 668.) Although the defendants in *Heard*, like the defendant here, did not challenge the sufficiency of the charging instrument in the trial court, *Heard* was decided prior to the standard of review announced in *Pujoue*. Under

that standard, "the appellate court should consider whether the defect in the information or indictment prejudiced the defendant in preparing his defense." *People v. Thingvold* (1991), 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91.

The defendant does not contend that the defect in the indictment prejudiced him in preparing his defense. Moreover, based on our review of the evidence presented at trial, it is apparent that charging the defendant in the disjunctive with "enter[ing] or remain[ing]" had absolutely no effect on the outcome of the trial.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

McCUSKEY, P.J., and BARRY, J., concur.