THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HANK BROWN, Defendant-Appellant.

Third District    No. 3—93—0174

Opinion filed March 23, 1994.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Hank Brown, appeals his conviction for unlawful use of weapons by a felon (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.1(a)). The sole issue on appeal is whether the indictment was sufficient. We affirm.

The indictment alleged that on October 3, 1992, the defendant committed the offense of unlawful use of weapons by a felon in that "he knowingly possessed on or about his person or on his own land or in his own abode or fixed place of business a weapon, being a shotgun, having been previously convicted of a felony." On appeal, the defendant argues that the indictment was void because it alleged the disparate and alternative acts of (1) actual possession "on or about his person" and (2) constructive possession "on his own land or in his own abode or fixed place of business."

We note that the use of the disjunctive "or" will not render an indictment defective if the terms joined by the disjunctive are so intimately related as to provide the defendant with specific notice of the charge. (See *People v. Rosenfeld* (1962), 25 Ill. 2d 473, 185 N.E.2d 236; *People v. Keystone Automotive Plating Corp.* (1981), 98 Ill. App. 3d 40, 423 N.E.2d 1246; see also *People v. Meyers* (1994), 158 Ill. 2d 46.) Where indictments use the disjunctive "or" to join disparate and alternative acts, the performance of any one of which constitutes the offense, the indictments will be void for duplicity. *People v. Capitol News, Inc.* (1990), 137 Ill. 2d 162, 560 N.E.2d 303; *People v. Eagle Books, Inc.* (1992), 151 Ill. 2d 235, 602 N.E.2d 798; *People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340.

When attacked for the first time on appeal, a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.

We recently dealt with this issue in *People v. King* (1993), 253 Ill. App. 3d 705 (petition for leave to appeal pending). Following our holding in *King*, we believe the indictment was sufficient to meet the *Pujoue* test.

We believe the facts of this case cannot be distinguished from those of *People v. King* (1993), 253 Ill. App. 3d 705, and consequently, we conclude the *King* case is controlling authority.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER, P.J., and LYTTON, J., concur.