2020 IL App (2d) 180511-U
No. 2-18-0511
Order filed October 19, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-1732 |
| VICTOR VEGA, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Postconviction petition filed by defendant who pled guilty to aggravated criminal sexual abuse was properly dismissed at the first stage; defendant claimed that counsel was ineffective for failing to advise him of possible defense that defendant reasonably believed that the victim was 17 years or older, but the defense was not plausible based on the factual basis for the plea, the presentence investigation report, and the affidavit submitted with the petition.

¶ 2    Defendant, Victor Vega, entered an open guilty plea to aggravated criminal sexual abuse

(720 ILCS 5/11-1.60(d) (West 2014)) and was sentenced to four years' imprisonment.  He did not

appeal but filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-

1 *et seq.* (West 2018)) alleging ineffective assistance of counsel. The trial court summarily dismissed the petition. Defendant appeals. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with two counts of aggravated criminal sexual abuse. Each alleged that between January 1, 2015, and March 4, 2015, he committed an act of sexual penetration with L.R., who was born May 25, 2000, and that he was at least five years older than she was.

¶ 5      On March 16, 2016, the date scheduled for defendant's jury trial, the parties conferred briefly and presented an agreement. Defendant would plead guilty to the first count and the State would dismiss the second count, with no agreement on sentencing. Based on defendant's record, the conviction would be a Class 2 felony without the possibility of probation. The court admonished defendant, noting in part that a conviction would require lifetime registration as a sex offender. Defendant said that he understood and wished to plead guilty.

¶ 6      The State provided the following factual basis. In March 2015, an investigator for the Du Page County Children's Advocacy Center heard that L.R. was visiting defendant at the Du Page County jail, where he was being held on an unrelated charge. The investigator listened to recorded telephone calls suggesting that defendant and L.R. had a sexual relationship. Later, L.R. told the investigator that she had had sexual relations at least once with defendant, who was 22 years old. Defendant was then interviewed in jail. He admitted committing the charged act with L.R. at least once and indicated that, at the time, he believed that she was 16 years old and that he should not be having the relationship. The court accepted the plea agreement.

¶ 7      According to the presentencing investigation report (PSIR), on July 8, 2015, L.R.'s mother told investigators that she had known defendant for about seven years, that he was friends with L.R.'s older sisters, and that he knew that L.R. was only 15. L.R. then told the investigators that

she had known defendant for years, as he knew her older sisters, and that she had been dating him for about two months. On July 16, 2015, defendant told investigators that he had dated L.R.'s older sister two years ago and had known L.R. for two years. They began dating in February 2015. He said that she was 16 and that they had sexual intercourse once.

¶ 8    On June 9, 2016, the court held a sentencing hearing. In allocution, defendant told the judge, "[H]onestly, I did find out her actual age the same day that you did." The court sentenced defendant to four years' imprisonment. He did not appeal.

¶ 9    On March 26, 2018, defendant filed a *pro se* petition under the Act. As pertinent here, it alleged that defendant's attorney had been ineffective. The attorney misinformed him about how long he would have to register as a sex offender. Further, it was a defense to the charge that defendant "reasonably believed [L.R.] to be 17 years of age or over." 720 ILCS 5/11-1.70(b) (West 2014). However, this defense "was ignored *** through the negligence of defendant's counsel."

¶ 10    Defendant's petition attached an affidavit in which he stated in part:

"Defendant met [L.R.] prior to the start of his relationship with [her] when he was engaged in a relationship with [her] older sister. Defendant really did not have much social interaction with [L.R.]. Cordial social relations did not begin for some time until after a family gathering for a Halloween party. Defendant was not aware of the true age of [L.R.] and erroneously assumed [her] to be 17 years of age. A fact the defendant raised on numerous occasions to [L.R.] and which [she] did not provide clarification or challenge to. Thereby leaving the defendant in a state of error as to [L.R.'s] true age at the time of the [alleged offense]. Defendant asked [L.R.] on numerous occasions as to her age. On these occasions [L.R.] would avoid [a] direct answer. Finally on one occasion the defendant

blatantly asked how old [L.R.] would be on her upcoming birthday and [she] alluded to to [*sic*] reaching the age of majority and therefore in fact being 17 years of age at the time of [the] relationship."

¶ 11    The trial court dismissed the petition summarily.  Defendant timely appealed.

¶ 12                                II. ANALYSIS

¶ 13    At issue in this appeal is whether the summary dismissal of defendant's petition was proper. We review *de novo* the summary dismissal of a postconviction petition.  *People v. Collins*, 202 Ill. 2d 59, 66 (2002).  The trial court may not dismiss the petition unless it is frivolous or patently without merit.  725 ILCS 5/122-2.1(a)(2) (West 2018).  The petition need state only the gist of a meritorious claim, and its well-pleaded facts must be taken as true unless they are contradicted by the record.  *Collins*, 202 Ill. 2d at 66.

¶ 14    To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that it is reasonably probable that, absent counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  In the context of a guilty plea, satisfying the prejudice prong requires showing a reasonable probability that, absent counsel's substandard performance, the defendant would not have pleaded guilty but would have elected to proceed to trial.  *People v. Rissley*, 206 Ill. 2d 403, 457 (2003).  This requires more than a bare conclusional allegation to such effect.  *Id.* at 458.  The petition must allege facts to present a claim of innocence or articulate a plausible defense that could have been raised at trial.  *Id.* at 459-60.

¶ 15    We hold that defendant's petition failed the prejudice prong.  Even if his affidavit sufficiently alleged that, in early 2015, he subjectively believed that L.R. was 17 or older, the record as a whole refutes even a colorable claim that his belief was objectively *reasonable*.

¶ 16    In his affidavit, defendant stated that, before they started their sexual relationship, he was not aware of L.R.'s "true age" but "erroneously *assumed*" that she was 17, more than two years older than she was. (Emphasis added.) He also stated that he asked her on "numerous occasions" about her age but she always avoided a "direct answer." Finally, defendant stated, he asked her how old she would be on her upcoming birthday, and she "alluded to reaching the age of majority."

¶ 17    These facts, which defendant alleged in support of a reasonable-belief defense, actually cut the other way. Even if they provided a basis to argue that he subjectively believed that L.R. was 17, not 15, "[a] defendant's subjective ignorance *** has no bearing on his *reasonable* belief." (Emphasis added.) *People v. Crowell*, 145 Ill. App. 3d 341, 347-48 (1986) (testimony that defendant said that he did not know ages of minors he used in child pornography was irrelevant to whether he reasonably believed that they were not minors). Based on this evidence, it is not reasonably probable that a finder of fact would acquit defendant. In believing that L.R. was at least 17 years old, he discounted her consistently evasive answers to his inquiries and relied on her "allu[sion]" to "reaching the age of majority" (an ambiguous term here) on her "upcoming birthday" (which one is not clear). Based on this evidence, defendant's assumption that L.R. was 17 years old during their relationship did not support a colorable claim that he reasonably believed her to be so.

¶ 18    Moreover, defendant's affidavit was far from the only evidence that a reasonable-belief defense at trial would not have been plausible. Among the undisputed facts were that defendant had known L.R. and her family for at least two years before he and L.R. engaged in sexual relations. (Indeed, L.R.'s mother said that, as of July 2015, she had known defendant for *seven* years.) In this time frame, or earlier, defendant had dated L.R.'s older sister. Defendant had every opportunity to ascertain L.R.'s true age or, at the very least, to realize that he could not reasonably proceed on the *assumption* that she was at least 17. (Of course, at a trial, the State would likely

introduce defendant's own admission to investigators that he knew all along that L.R. was underage. But we need not rely on potentially disputed facts to reach our decision.)

¶ 19 Because defendant's petition failed to support a colorable defense at trial, it could not support a nonfrivolous claim that, had counsel considered the reasonable-belief defense, defendant would have forgone a guilty plea and elected to go to trial. Therefore, the petition's claim of ineffective assistance of counsel failed the prejudice prong. As defendant claims no other basis to reverse the dismissal of his petition, his appeal fails.

¶ 20 Defendant also hints that his counsel was ineffective for misinforming him that he would be required to register for only 10 years as a sex offender. However, the record shows that the trial court admonished defendant that registration would be required for life, and defendant acknowledge that he understood and did not indicate that he had been misled. See *People v. Valdez,* 2016 Il 119860, ¶ 31 (admonishments by trial court about consequences of guilty plea can cure improper advice by counsel). In any event, defendant does not contend that the erroneous advice on registration, by itself, affected his decision about whether to plead guilty or go to trial, and the record, including the postconviction petition and its supporting evidence, would not support such a contention.

¶ 21                                    III. CONCLUSION

¶ 22 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 23 Affirmed.