NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 221079-U

NO. 4-22-1079

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| PAPY M. MANIWA, | ) | No. 18CF278 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in summarily dismissing defendant's postconviction petition.

¶ 2    In September 2022, defendant, Papy M. Maniwa, filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). Defendant alleged, in part, his indictments are unconstitutionally deficient as they charged him with disparate acts and failed to provide details regarding the charges, thereby prejudicing his defense. The trial court found defendant's petition frivolous and patently without merit and summarily dismissed it. Defendant appeals, alleging his petition states the gist of a constitutional claim. We disagree and affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In March 2018, defendant was indicted on four counts of child pornography (720

ILCS 5/11-20.1(a)(2) (West 2018)). All four counts alleged defendant, "with the knowledge of the context thereof, disseminated or exhibited a videotape or other similar visual reproduction or depiction by computer of a minor child" engaging in separate acts of sexual penetration. In count I, the offense occurred on or about January 26, 2018, and involved a depiction an act of sexual penetration with an adult's vagina and the penis of a child under the age of 13. Count II alleged the charged offense occurred on the same day as the act in count I and involved the depiction of a child in an act of sexual penetration involving the child's anus and the penis of another. Count III asserts the offense occurred on February 2, 2018, and the video depicts an act of sexual penetration involving a child's mouth and the penis of another. Count IV asserts the act occurred on February 22, 2018, and involved an act of sexual penetration involving a child's penis and another's mouth.

¶ 5          At defendant's August 2019 trial, the State called one witness, Brad Park, who was a detective with the Normal Police Department when he investigated defendant's case. Park's testimony is more fully summarized in our order following defendant's direct appeal. See *People v. Maniwa*, 2021 IL App (4th) 190796-U, ¶¶ 4-12.

¶ 6          According to Park, defendant, during recorded interviews, admitted to sending the videos. Defendant, a physician from the Democratic Republic of the Congo, stated he sent videos to others as a warning of what can occur when children are left with others. Park, with defendant's consent, searched defendant's phone. On the phone, Park found the videos. Park also determined the videos had been sent to others. Counts I, II, and IV were disseminated through WhatsApp. Park testified the count III video was disseminated, but he did not identify the application through which it was disseminated. The conversations that accompanied the videos indicated defendant was appalled by the content of the videos. A search of defendant's phone

revealed three of the videos were sent via the WhatsApp application; the other was sent through Facebook. No Internet search history for child pornography and no evidence of video production was found.

¶ 7    The trial court found defendant guilty. At sentencing, before imposing the mandatory 24-year sentence on defendant, the court believed defendant did not send the videos for sexual gratification. The court noted that was not, however, a defense under the statute. Defendant was sentenced to the minimum of six years' imprisonment on each count, which, according to the law, must be served consecutively.

¶ 8    On September 30, 2022, defendant filed a *pro se* petition under the Act. In his petition, defendant argued he was denied the effective assistance of appellate counsel for failing to argue the indictment in his case was flawed. Defendant argued the charges were unclear in that the State did not distinguish whether he was charged with disseminating or exhibiting the videos. Defendant further emphasized the indictments did not identify which social-media platforms were used to send the videos or the dates and to whom the videos were allegedly sent. Defendant argued the lack of clarity prejudiced his defense.

¶ 9    In support of his postconviction petition, defendant attached a letter from his trial attorney that outlined counsel's understanding of the charges in the indictments. Defendant maintains the letter shows how his trial counsel's view of the charges differed from the evidence the State submitted at trial. The May 2, 2019, letter from counsel, attached to his postconviction petition, reads in part as follows:

> "As promised, I wanted to follow-up with you so that you are fully
> aware of everything, and that you have no questions about your
> options, the decision you make, or what will happen tomorrow.

To clarify, below is a summary of the evidence in your case. Please note that they are just summarized here for the purposes of brevity in a letter.

On 2/27/18, the Illinois Attorney General's Office notified [the Normal Police Department] of possible child porn suspected to come from Normal. Long story short, police get electronic records from Facebook (3 phone numbers & 3 emails tied to an account[)], and obtain an IP address that comes back to a T-Mobile phone. Facebook links to Papy, and a search warrant is obtained and executed on 3/15/18.

You are interviewed twice, during which you admitted receiving and sending images as a warning to parents of what can happen if they're not careful about who watches their kids. You also admitted to sending specific videos, which form the basis of your charges (discussed below). You explained that you worked to help women and children from violence in Congo. You admitted what phone numbers were yours (one of the numbers matches the one associated with the Facebook account discussed above). You admitted that your Facebook name was 'androus.maniwa' (the name on the Facebook account discussed above[)]. Finally, you admitted to being the one who mostly access[ed] the Facebook via his phone.

Records show that videos were sent to 2 people: your wife,

Sandrine (appears as SandrineUSA on WhatsApp), & your friend in Switzerland, Radet Monshemvula (appears as Radet Suisse on WhatsApp).

Also, on 3/16/18, Sandrine is interviewed, and explained that you sent her several videos trying to show her the danger of letting others watch their kids, explaining that you send them for the shock value to other parents.

In addition, among the electronic evidence found, there were 4 videos of note, which are discussed below in the table. I believe you already have a copy of your charges. I disagree with you that an offense is not disclosed on the Bill of Indictment. In the Bill of Indictment, which I've enclosed with this letter, you'll see the language used as being, 'on or about.' By law, the State is allowed to use this language in alleging an offense, and have broken the charges down below, including evidence the State would use in trying to prove their case."

¶ 10        Regarding count I, counsel wrote the video was "Sent by Papy to Sandrine via Facebook on 1/26/18 at 11:41 a.m." As to count II, counsel reported the video was sent "to Sandrine via Facebook on 1/26/18 at 11:58 a.m." Counsel stated count III is related to a video sent from defendant's phone through WhatsApp to Sandrine on February 2, 2018, and count IV was a video sent from defendant's phone to "Radet Suisse" on February 22, 2018.

¶ 11        On October 19, 2022, the trial court found defendant's postconviction petition failed to state the gist of a constitutional claim and summarily dismissed the petition. The court

found defendant's "allegations are directly rebutted by the trial record and the contents of the court file."

¶ 12        This appeal followed.

¶ 13                        II. ANALYSIS

¶ 14        Under the Act, a defendant may seek postconviction review of a claim his or her conviction led to a substantial denial of his or her constitutional rights. *People v. Jones*, 213 Ill. 2d 498, 503, 821 N.E.2d 1093, 1096 (2004). A petitioner initiates this three-stage postconviction process by filing a petition. See *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010). During the first stage, the role of the trial court is to review the petition and determine whether its claims are frivolous or patently without merit. See *People v. Andrews*, 403 Ill. App. 3d 654, 658-59, 936 N.E.2d 648, 652 (2010). In completing this task, the court does so with no input from the parties and by taking the petitioner's allegations as true and liberally construing those allegations. *People v. Couch*, 2012 IL App (4th) 100234, ¶ 11, 970 N.E.2d 1270. The threshold to survive first-stage review is low; a defendant need only state the gist of a constitutional claim by pleading facts sufficient "to assert an arguably constitutional claim." *Brown*, 236 Ill. 2d at 184. If, however, the court finds the petition to be frivolous and patently without merit, it must dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2022). Our review of a first-stage dismissal of a defendant's postconviction petition is *de novo. Couch*, 2012 IL App (4th) 100234, ¶ 13.

¶ 15        In his petition under the Act, defendant contends he was denied his constitutional right to be informed of the nature and charges against him (see *People v. Heard*, 47 Ill. 2d 501, 505, 266 N.E.2d 340, 342-43 (1970)). As defendant summarizes in his reply brief, he asserts the indictment was insufficient as it (1) charged him with disjunctive acts of "disseminating or

exhibiting" child-pornography videos and (2) failed to provide him sufficient information about the manner of dissemination or exhibition, the names of the persons involved, or the specific application used to disseminate or exhibit the videos.

¶ 16    The timing of a challenge to the sufficiency of an indictment is significant in determining whether a reversal of a conviction may be obtained. See *People v. Cuadrado*, 214 Ill. 2d 79, 86, 824 N.E.2d 214, 218 (2005). Posttrial challenges to an indictment's sufficiency "are subject to a prejudice standard." *Id.* (citing *People v. Benitez*, 169 Ill. 2d 245, 257, 661 N.E.2d 344, 350 (1996)). Under this standard, a charging instrument will be found sufficient if it apprised the defendant of the precise offense charged with sufficient specificity to allow the defendant to prepare his defense and to plead a resulting conviction as a bar to future prosecutions from the same conduct. *Id.* Here, because defendant failed to challenge the sufficiency of the indictment before trial, the record and the allegations in the postconviction petition will be reviewed to determine whether defendant was prejudiced by the alleged failures of the complaint.

¶ 17    The State argues, however, defendant has forfeited any challenge to the indictment's sufficiency under the Act, as the claims defendant asserts now could have been adjudicated on direct appeal. Defendant counters the evidence he relies upon to support his claim he suffered prejudice, a letter from his trial counsel to him summarizing the State's case against him, was not part of the record for his direct appeal.

¶ 18    Proceedings under the Act are collateral proceedings to address "constitutional issues that were not, and could not have been, adjudicated on direct appeal." *People v. Williams*, 209 Ill. 2d 227, 232-33, 807 N.E.2d 448, 452 (2004). Issues which were not raised on direct appeal, but could have been, are forfeited. *People v. English*, 2013 IL 112890, ¶ 22, 987 N.E.2d

371. The forfeiture doctrine is relaxed, however, when fairness requires, such as when the forfeiture stems from the ineffective assistance of appellate counsel or when facts relating to the issue are not apparent on the face of the appellate-court record. *Id.*

¶ 19     Regarding his contention the indictment is insufficient as it alleges two disjunctive acts, "disseminating" and "exhibiting," prejudicing his ability to defend himself, there are two potential grounds upon which this court could ignore the forfeiture. The first ground is facts relating to the issue were not present on the face of the appellate-court record and needed to be added by a postconviction petition. See *id.* For this argument, defendant relies on the letter defense counsel wrote to him before trial.

¶ 20     As the State argues, however, the letter is not relevant and does not provide a basis to relax the forfeiture doctrine's bar. No language in trial counsel's letter aids the legal analysis of whether the terms "disseminating or exhibiting" are disjunctive acts. Regarding proof of arguable prejudice, the language of the letter does not hint the existence of those terms created any confusion for counsel on what acts the State based its charges. While there may have been some confusion by counsel as to the application used to transmit the videos, this does not establish any conclusion as to whether defendant was being charged with disseminating or with exhibiting the videos. The record, as it existed at the time defendant filed his direct appeal, contains the evidence needed to raise this claim on direct appeal.

¶ 21     The second ground defendant argues in urging this court to relax the bar of forfeiture is appellate counsel was ineffective in failing to raise the argument on direct appeal. See *id.* In proceedings under the Act, a defendant's petition asserting ineffective assistance must show both "(i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234

Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009).

¶ 22 Consideration of whether defendant was arguably denied the effective assistance of counsel requires this court to examine defendant's disjunctive-acts claim to determine whether counsel was arguably deficient in not raising this claim on direct appeal. Defendant contends the terms "disseminating or exhibiting" are disjunctive acts, impermissibly denying him notice of the charges against him, and thereby prejudicing him.

¶ 23 Case law establishes "[t]he use of the disjunctive 'or' may indeed render an indictment defective if it deprives the defendant of notice of the specific nature of the charge made against him[ ] or impairs the certainty that is requisite if double jeopardy is to be avoided." *People v. Rosenfeld*, 25 Ill. 2d 473, 475, 185 N.E.2d 236, 236 (1962). However, "the fact that two words, intimately associated in their meaning, are stated disjunctively, does not render an indictment uncertain." *Id.*; see *People v. Brown*, 259 Ill. App. 3d 579, 580, 630 N.E.2d 1334, 1334 (1994). These propositions are consistent with the analysis undertaken when addressing a challenge to the sufficiency of charges made for the first time on appeal: "a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *Brown*, 259 Ill. App. 3d at 580 (citing *People v. Pujoue*, 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440 (1975)).

¶ 24 We thus look to the terms to determine whether they deprived defendant of notice of the specific nature of the charges against him or if they were intimately associated in their meaning so as not to render the indictment uncertain or prejudicial. In his opening brief, defendant provides definitions for the terms "disseminate" and "exhibiting." Disseminate is defined by statute as follows:

"(i) to sell, distribute, exchange or transfer possession, whether

with or without consideration or (ii) to make a depiction by

computer available for distribution or downloading through the

facilities of any telecommunications network or through any other

means of transferring computer programs or data to a computer."

720 ILCS 5/11-20.1(f)(1) (West 2018).

In the context of child pornography, " '[e]xhibiting' has been defined as showing, displaying or

presenting to view." *People v. Crowell*, 145 Ill. App. 3d 341, 345, 495 N.E.2d 1223, 1226

(1986).

¶ 25 We agree with defendant the definitions are not the same, but we find the two

words, as used against defendant, are "intimately associated in their meaning" and do not render

the charges against him uncertain. *Rosenfeld*, 25 Ill. 2d at 475. Defendant's indictment falls

within the definition of both. The transmission of the video is "disseminating" as it falls within

"to make a depiction by computer available for distribution or downloading" (720 ILCS 5/11-

20.1(f)(1) (West 2018)), and it is "exhibiting" as it is "presenting to view" (*Crowell*, 145 Ill.

App. 3d at 345). The terms, as used against defendant, assert one act committed by defendant.

¶ 26 The record further shows the terms did not render the indictment uncertain or

cause prejudice. See generally *Pujoue*, 61 Ill. 2d at 339 (showing a reviewing court may look to

the record and the defense at trial to determine whether a defendant suffered prejudice as a result

of an allegedly insufficient charging instrument). Defense counsel knew only one act was

charged within each count, and that charged act, the sending of the video to either his wife or

Radet from his phone, fell within the definition of both "disseminating" and "exhibiting." While

counsel may have been incorrect as to the application used to send the videos, there is no

indication from the argument and evidence presented at trial or from the letter that any confusion resulted from the use of the terms "disseminating" and "exhibiting."

¶ 27        As defendant would not have prevailed, or arguably prevailed, on direct appeal with his disjunctive-acts claim, it is not arguable he was denied the effective assistance of counsel. See *English*, 2013 IL 112890, ¶ 34 ("Appellate counsel is not required to raise issues that he reasonably determines are not meritorious."). This claim is forfeited.

¶ 28        Defendant last alleges he suffered prejudice as the indictment failed to provide sufficient information about the manner of dissemination or exhibition, the names of those involved, or the specific application purportedly used to disseminate or exhibit the videos. For this claim, defendant relies on section 111-3(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(a) (West 2018)), which sets forth the requirements for charges against an accused. Defendant contends this issue is not forfeited as he could not raise the issue without introducing evidence outside the direct-appeal record: the letter from his trial counsel. Defendant argues the letter shows counsel's understanding regarding the application used in sending the videos differed from the State's evidence.

¶ 29        The State counters the forfeiture rule should not be relaxed as the allegedly new evidence does not support defendant's claim.

¶ 30        We agree with the State and find defendant has forfeited this claim. Taken as true, the letter does not reveal arguable prejudice. Defendant uses the letter to show confusion as to the applications used to send the videos and discrepancies in the individuals to whom the videos were sent as proof of prejudice. However, there is no requirement in section 111-3(a) for the State to provide this information in the charging instruments. Section 111-3(a) requires the following:

"(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." *Id.*

The charges against defendant comply with section 111-3(a), and defendant has cited no other authority requiring the additional information. Moreover, defendant fails to show, either through the letter or through argument, had he known the State was proving the video was sent on WhatsApp rather than over Facebook and to Sandrine rather than Radet, his defense would have been different. The State's charges informed defendant of the offense and the provision alleged to have been violated as well as the nature and elements of the offense. The State's charges further informed defendant of the dates the videos were sent, as well as the content of each video.

¶ 31 As we have found no evidence the charges were arguably insufficient, we further find defendant has not established an arguable claim of ineffective assistance of appellate counsel for not raising the issue on direct appeal, another basis to relax the forfeiture rule. See

- 12 -

*English*, 2013 IL 112890, ¶ 34 ("Appellate counsel is not required to raise issues that he reasonably determines are not meritorious."). This claim is forfeited.

¶ 32                                    III. CONCLUSION

¶ 33            We affirm the trial court's judgment.

¶ 34            Affirmed.