THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUSTIN J. ANDREWS, Defendant-Appellant.

Fourth District   No. 4—06—0904

Opinion filed August 18, 2010.

Gary R. Peterson and Erica R. Clinton, both of State Appellate Defender's Office, of Springfield, for appellant.

Jonathan H. Barnard, State's Attorney, of Quincy (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In December 2005, defendant, Justin J. Andrews, pleaded guilty to attempt (burglary) (720 ILCS 5/8—4(a), 19—1(a) (West 2004)) pursuant to a fully negotiated guilty plea. After accepting defendant's guilty plea, the trial court sentenced him to six years in prison.

In July 2006, defendant filed an amended petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—8 (West 2006)), which the trial court later denied.

Defendant appealed, arguing that (1) this court should reverse the trial court's judgment and remand for an evidentiary hearing because it was unclear at what stage of the postconviction proceedings the court dismissed his amended postconviction petition and (2) he was denied the benefit of his plea agreement with the State when the court failed to admonish him in accordance with Supreme Court Rule 402 (177 Ill. 2d R. 402) that he would be required to serve an additional one-year mandatory-supervised-release (MSR) term after serving his six-year sentence. This court rejected defendant's arguments and affirmed. *People v. Andrews*, No. 4—06—0904 (March 7, 2008) (unpublished order under Supreme Court Rule 23).

Defendant later filed a petition for leave to appeal to the Supreme Court of Illinois. The supreme court denied that petition but also entered the following supervisory order:

"In the exercise of this Court's supervisory authority, the Appellate Court, Fourth District, is directed to vacate its order in *People v. Andrews*, No. 4—06—0904 (March 7, 2008). The appellate court is instructed to reconsider its decision in light of *People v. Morris*, 236 Ill. 2d 345[, 925 N.E.2d 1069] (2010), to determine whether a different result is warranted." *People v. Andrews*, 236 Ill. 2d 509, 925 N.E.2d 1162 (2010) (nonprecedential supervisory order on denial of petition for leave to appeal).

In accordance with the supreme court's directive, we vacate our earlier decision in this case. After reconsidering this case in light of *Morris*, we conclude that a different result is not warranted. Accordingly, we affirm the trial court's denial of defendant's amended postconviction petition.

## I. BACKGROUND

In December 2005, the State filed an amended information charging defendant with (1) burglary (720 ILCS 5/19—1(a) (West 2004)) and (2) attempt (burglary) (720 ILCS 5/8—4(a), 19—1(a) (West 2004)).

At a hearing later that same month, defendant pleaded guilty to attempt (burglary) (720 ILCS 5/8—4(a), 19—1(a) (West 2004)) pursuant to a fully negotiated guilty plea. In exchange for defendant's guilty plea, the State dismissed the burglary charge and recommended that the trial court impose a six-year prison sentence. The court then admonished defendant, in pertinent part, as follows:

"As charged [attempt (burglary)] is a Class 3 felony. If convicted of this offense, the normal maximum penalty is [two] to [five] years in prison and a fine of up to $25,000. By virtue of your prior convictions, you would be eligible for an extended term sentence. So, instead of 2 to 5 [years], it's 2 to 10 years in prison. *If convicted and sentenced to prison, there would then be 1 year [of MSR], or what used to be known as parole.*" (Emphasis added.)

In response to the trial court's direct inquiry, defendant stated, in pertinent part, that he understood the charge he was pleading guilty to and the range of possible sentences. The court then (1) admonished defendant further regarding the consequences of entering a guilty plea, (2) accepted defendant's guilty plea, and (3) sentenced him to six years in prison.

In June 2006, defendant *pro se* filed a petition for postconviction relief under the Act, alleging (1) a violation of his constitutional rights in that his guilty-plea counsel agreed to a greater sentence than the applicable two- to five-year sentencing range for attempt (burglary) and (2) that the trial court failed to admonish him that he was (a) eligible for an extended-term sentence and (b) required to serve a one-year MSR term after serving his six-year sentence.

At a hearing later that same month, the trial court appointed counsel to represent defendant. In July 2006, defendant filed an amended postconviction petition, arguing only that the court did not comply with Rule 402(a) (177 Ill. 2d R. 402(a)). Specifically, defendant contended that the court failed to admonish him before accepting his guilty plea that a one-year MSR term would be added to his negotiated six-year sentence. Defendant requested that the court afford him the benefit of his plea agreement with the State by modifying his sentence to five years in prison followed by a one-year MSR term.

At an August 2006 hearing, the trial court granted defendant's motion for a continuance, without objection, so that counsel could consider whether to include another issue to the amended postconviction petition. At a September 2006 hearing, the court again continued the hearing. At that time, defendant's postconviction counsel informed the court that he did not intend to add any further claims to defendant's amended postconviction petition.

At a later hearing in September 2006, the following exchange occurred:

"THE COURT: *** This matter *** had originally been set for hearing on [defendant's] post[ ]conviction petition, and [the court believes] there was some question as to whether or not [defendant] [w]ould be [adding] other issues. What's the status ***?

[DEFENSE COUNSEL]: Your Honor, I believe the last time we were in court I informed the court and [the State] that [defendant] would not be adding anything further to his amended post[ ]conviction petition.

THE COURT: All right, [is the State] ready to be heard ***?

[THE STATE: Yes.]

THE COURT: [Defense Counsel], you may be heard."

Relying on the supreme court's decision in *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), defendant argued that the trial court violated his due-process rights by failing to admonish him in accordance with Rule 402 (177 Ill. 2d R. 402). Specifically, defendant contended that the court failed to inform him prior to accepting his guilty plea that a one-year MSR term would be added to his six-year sentence.

In response, the State argued that *Whitfield* was inapposite because in that case, the trial court did not admonish the defendant regarding an MSR term. In the present case, on the other hand, the court did admonish defendant about an MSR term.

After considering counsel's arguments, the trial court asked the parties to check defendant's prior convictions in other counties to determine whether defendant was familiar with the concept of adding an MSR term to a guilty-plea sentence. The court then adjourned the hearing to "give the parties an opportunity to present *** further information." (Neither party had presented evidence at the hearing.)

At a later hearing, the State informed the trial court that although it did not obtain transcripts of defendant's prior guilty-plea hearings, it had spoken to prosecutors who were responsible for defendant's prior cases. Those prosecutors recalled that the respective sentencing judges "typically and ordinarily" admonish defendants as to the MSR term prior to accepting their guilty plea. The court then granted the State's request for a continuance because the prosecutor who had argued the State's position at the second September 2006 hearing was unavailable. The court's written order reflected its intent to continue the hearing on defendant's amended postconviction petition for "final arguments."

At the October 2006 hearing, defendant, again relying on *Whitfield*, argued that he did not receive the benefit of his bargain with the State. Specifically, defendant contended that "the sentence *** he bargained for was one in which the [MSR] term was included within

the agreed-upon sentence." In response, the State again argued that *Whitfield* did not support defendant's argument because the trial court had admonished defendant (1) about the normal sentencing range for attempt (burglary), (2) that he was eligible for an extended sentence, and (3) that "then there would be a 1 year" MSR term.

Following arguments, the trial court denied defendant's petition, finding that (1) it had admonished defendant that after serving his prison sentence, he would be required to serve a one-year MSR term, (2) defendant was familiar with MSR based on his prior convictions and sentences, and (3) defendant had received the benefit of his bargain with the State.

This appeal followed.

## II. THE TRIAL COURT'S DISMISSAL OF DEFENDANT'S AMENDED POSTCONVICTION PETITION

### A. Proceedings Under the Act and the Standard of Review

A defendant may proceed under the Act by alleging that "in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122—1(a)(1) (West 2006). In noncapital cases, the Act establishes a three-stage process for adjudicating a postconviction petition. 725 ILCS 5/122—1 through 122—8 (West 2006); *People v. Jones*, 213 Ill. 2d 498, 503, 821 N.E.2d 1093, 1096 (2004). At the first stage, "the trial court, without input from the State, examines the petition *only* to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit." (Emphasis in original.) *People v. Phyfiher*, 361 Ill. App. 3d 881, 883, 838 N.E.2d 181, 184 (2005). "Section 122—2.1 [of the Act] directs that if the defendant is sentenced to imprisonment (rather than death) and the circuit court determines that the petition is frivolous or patently without merit, it shall be dismissed in a written order. 725 ILCS 5/122—2.1(a)(2) (West 2004)." *People v. Torres*, 228 Ill. 2d 382, 394, 888 N.E.2d 91, 99-100 (2008).

If a petition is not dismissed at stage one, it proceeds to stage two, where section 122—4 of the Act provides for the appointment of counsel for an indigent defendant who wishes counsel to be appointed. 725 ILCS 5/122—4 (West 2006). At the second stage, the State has the opportunity to answer or move to dismiss the petition. 725 ILCS 5/122—5 (West 2006). If the trial court does not grant the State's motion to dismiss or if the State has filed an answer, the petition proceeds to the third stage, where the defendant may present evidence in sup-

port of his petition. 725 ILCS 5/122—5, 122—6 (West 2006). Our review of a third-stage dismissal is *de novo* when, as here, no fact finding or credibility determinations are involved. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006).

## B. The Stage at Which the Trial Court Dismissed Defendant's Amended Postconviction Petition

Defendant argues that this court should reverse the trial court's judgment and remand for a third-stage evidentiary hearing because it was unclear at what stage of the postconviction proceedings the court dismissed his amended petition for postconviction relief. Specifically, defendant contends that because (1) the parties and the court did not mention the particular stage and (2) neither party presented testimony or admissible evidence during the October 2006 hearing, the record is not clear whether that hearing was a second-stage or third-stage proceeding. In the alternative, defendant argues that if this court concludes that the October 2006 hearing was a third-stage evidentiary hearing, we should reverse the court's judgment and remand for a proper third-stage evidentiary hearing, essentially positing that the State's introduction of defendant's prior sentencing judgments was not competent evidence. For the reasons that follow, we disagree.

In this case, defendant's *pro se* petition for postconviction relief survived the first stage, as shown by the trial court's appointment of counsel to represent defendant. At the August 2006 hearing on defendant's amended postconviction petition, defendant requested a continuance to consider whether to amend his petition further by including additional claims. At that same hearing, the State informed the court that it (1) was ready to argue defendant's amended postconviction petition as filed and (2) did not intend to file an answer unless defendant added claims to his amended postconviction petition.

Based on the State's responses to the trial court's question, the State clearly indicated that it did not intend to file a motion to dismiss defendant's amended postconviction petition. In addition, defendant later informed the court that he did not intend to add any claims to his amended postconviction petition. Thus, the record shows that at the second September 2006 hearing, defendant's postconviction petition proceeded to a third-stage evidentiary hearing that was subsequently continued to the next month, at which point the court denied defendant's amended postconviction petition.

The fact that the parties did not present testimony at either of those hearings does not foreclose a determination that defendant's petition was at the third stage of postconviction proceedings.

Defendant and the State could have presented testimony but chose not to do so. Moreover, section 122—6 of the Act (725 ILCS 5/122—6 (West 2006)) affords the court wide discretion in deciding what evidence to consider at the third stage. See *People v. Coleman*, 206 Ill. 2d 261, 278, 794 N.E.2d 275, 286 (2002) ("the circuit court has wide discretion to limit the type of evidence it will admit at a post[ ]conviction evidentiary hearing"). Therefore, contrary to defendant's contention, we conclude that the court denied defendant's amended postconviction petition at the third stage of the proceedings.

In so concluding, we also reject defendant's alternative argument that this court should reverse the trial court's judgment and remand for a "proper" third-stage evidentiary hearing because the State introduced defendant's prior sentencing judgments. In this regard, we conclude that because defendant failed to contemporaneously object to the State's introduction of his prior sentencing judgments or the State's representations regarding that evidence, defendant has forfeited any argument relating to its admissibility. See *People v. Lewis*, 234 Ill. 2d 32, 40, 912 N.E.2d 1220, 1225 (2009) (a contemporaneous objection is required to preserve an issue for review). Therefore, we decline to address the merits of defendant's alternative argument.

## C. The Challenge to the Trial Court's Imposition of a One-Year MSR Term

Relying on the supreme court's decision in *Whitfield*, defendant also argues that he was denied the benefit of his plea agreement with the State when the trial court failed to admonish him in accordance with Rule 402 (177 Ill. 2d R. 402) that he would be required to serve an additional one-year MSR term after serving his six-year sentence. Defendant claims that the addition of the one-year MSR term to his six-year sentence constituted an unfair breach of his plea agreement because the sentence imposed was more onerous than the one for which he had bargained. We disagree.

### 1. *The Applicable MSR Term*

Section 5—8—1(d)(3) of the Unified Code of Corrections (Unified Code) provides as follows:

> "Except where a term of natural life is imposed, every sentence shall include *as though written therein* a term in addition to the term of imprisonment. *** [T]he parole or [MSR] term shall be as follows:

> * * *

> (3) for a Class 3 felony or a Class 4 felony, [one] year[.]"
(Emphasis added.) 730 ILCS 5/5—8—1(d)(3) (West 2004).

## 2. *Supreme Court Rule 402*

Rule 402 provides, in pertinent part, as follows:

"In hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

\*\*\*

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences[.]

\* \* \*

(b) Determining Whether the Plea is Voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." 177 Ill. 2d Rs. 402(a)(2), (b).

## 3. *The Supreme Court's Decision in Whitfield*

In *Whitfield*, 217 Ill. 2d at 179, 840 N.E.2d at 661, the defendant pleaded guilty to first degree murder and armed robbery pursuant to a fully negotiated guilty plea. After accepting the defendant's guilty plea, the trial court sentenced him in accordance with the State's recommendations to 25 years in prison for first degree murder and a concurrent 6-year sentence for armed robbery. *Whitfield*, 217 Ill. 2d at 179, 840 N.E.2d at 661. The court did not inform the defendant that he was statutorily required to serve a 3-year MSR term following his 25-year sentence for felony murder. *Whitfield*, 217 Ill. 2d at 180, 840 N.E.2d at 661.

While serving his prison sentence, the defendant realized that a 3-year MSR term had been added to his 25-year sentence. *Whitfield*, 217 Ill. 2d at 180, 840 N.E.2d at 661. The defendant subsequently *pro se* filed a motion for relief from judgment—that the trial court later recharacterized as a postconviction petition—arguing that his fourteenth amendment due-process rights were violated because he had not been advised that a three-year MSR term "had been added to

his negotiated sentence and resulted in a 'more onerous' sentence than the one he had agreed to when he pled guilty." *Whitfield*, 217 Ill. 2d at 180-81, 840 N.E.2d at 661-62. The defendant did not seek to withdraw his guilty plea but, instead, sought to hold the State to the terms of the plea agreement. *Whitfield*, 217 Ill. 2d at 180-81, 840 N.E.2d at 661. Specifically, the defendant requested that the court (1) eliminate the three-year MSR term or (2) reduce his prison term by three years. *Whitfield*, 217 Ill. 2d at 181, 840 N.E.2d at 661. The trial court dismissed defendant's postconviction petition, and the appellate court affirmed. *Whitfield*, 217 Ill. 2d at 182, 840 N.E.2d at 662.

On appeal to the supreme court, the defendant argued that (1) the due-process clauses of the Illinois and United States Constitutions and Rule 402(a) required the trial court to admonish him that a three-year MSR term would be added to his sentence before accepting his guilty plea and (2) because the trial court failed to admonish him, adding the MSR term to his sentence violated due process, fundamental fairness, and principles of contract law. *Whitfield*, 217 Ill. 2d at 182, 840 N.E.2d at 662. The defendant asked the court to afford him the benefit of his guilty-plea bargain with the State by modifying his sentence to 22 years in prison followed by a 3-year MSR term. *Whitfield*, 217 Ill. 2d at 182, 840 N.E.2d at 662. The State responded that the defendant did not demonstrate his constitutional rights were substantially violated. *Whitfield*, 217 Ill. 2d at 183, 840 N.E.2d at 663.

The supreme court agreed with the defendant's argument, stating the following:

"In the case at bar, [the] defendant [pleaded] guilty pursuant to a negotiated plea agreement. The terms of the plea agreement, as set forth by the [State] at the plea hearing, included a specific sentence of 25 years. The trial court ratified this agreement and failed to admonish [the] defendant, as required by *** Rule 402, that a[n] [MSR] term would be added to the sentence [the] defendant had agreed to. Under these circumstances, we conclude that adding the statutorily required three-year MSR term to [the] defendant's negotiated 25-year sentence amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 667.

The court continued as follows:

"[T]here is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a[n] [MSR] term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence

imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the MSR constitutes an unfair breach of the plea agreement." *Whitfield*, 217 Ill. 2d at 195, 840 N.E.2d at 669.

After so concluding, the supreme court modified the defendant's sentence to a term of 22 years in prison, followed by a mandatory 3-year MSR term. *Whitfield*, 217 Ill. 2d at 205, 840 N.E.2d at 675.

### 4. *Defendant's Claim That MSR Is an Integral Part of a Guilty-Plea Negotiation*

As previously noted, defendant contends that he was denied the benefit of his plea agreement with the State. Defendant concedes that the trial court admonished him about the one-year MSR term when the court described at the guilty-plea hearing the potential penalties defendant faced as a result of his guilty plea (as required by Rule 402(a)(2)) but asserts that the court did not admonish him about the one-year MSR term when confirming the terms of the plea agreement (as required by Rule 402(b)). Defendant contends that "the sentence *** he bargained for was one in which the [MSR] term was included within the agreed-upon sentence." Essentially, defendant is claiming that he is entitled to postconviction relief because the record does not affirmatively show that a discussion of his statutorily required MSR term was part of his plea agreement. We disagree and categorically reject any notion that the statutorily mandated MSR term is ever part of a plea agreement between the State and a defendant.

The sole issue in *Whitfield*—the case upon which defendant relies—was whether the trial court (as required by Rule 402(a)(2)) admonished the defendant at his guilty-plea hearing that a statutorily required three-year MSR term would be added to his negotiated sentence. *Whitfield*, 217 Ill. 2d at 182, 840 N.E.2d at 662. Because the trial court failed to make *any* mention of MSR prior to accepting the defendant's guilty plea, the *Whitfield* court concluded that the defendant had established a substantial violation of his constitutional rights. *Whitfield*, 217 Ill. 2d at 201, 840 N.E.2d at 673. Thus, implicit in the *Whitfield* court's reasoning is that had the court admonished the defendant during the guilty-plea hearing that the court was statutorily required to impose a 3-year MSR term to the end of his negotiated 25-year sentence, the defendant's due-process rights would not have been violated. *People v. Holt*, 372 Ill. App. 3d 650, 652, 867 N.E.2d 1192, 1195 (2007).

The supreme court's holding in *Whitfield* makes clear that the dispositive issue was the failure of the trial court to inform the defendant *at all* during his guilty plea that a statutorily mandated

three-year MSR term would be added to his negotiated sentence. This holding had nothing to do with plea bargaining or the plea agreement the defendant reached with the State.

Defendant's entire argument in this case is premised upon the reference to plea agreements by the supreme court in *Whitfield,* but his argument fails for two reasons: (1) the actual holding in *Whitfield* has nothing to do with plea agreements and (2) prosecutors and defense counsel do not discuss MSR terms during plea negotiations. The explanation for the last point is obvious: there is nothing to negotiate. That is, the imposition of an MSR term is automatically required by section 5—8—1(d) of the Unified Code whenever a prison sentence is imposed (see 730 ILCS 5/5—8—1(d) (West 2004)), and the only question concerning an MSR term is whether it will be for one, two, three, or four years. And the answer to that question is statutorily dictated and depends entirely upon the classification under section 5—8—1(d) of the felony to which the defendant is pleading guilty.

We emphasize that the parties have nothing to negotiate regarding an MSR term because even if they agreed to reduce or waive the statutorily required MSR term, the trial court would lack the authority to act in accordance with their agreement. See *Whitfield,* 217 Ill. 2d at 200-01, 840 N.E.2d at 672, quoting *People v. Brown,* 296 Ill. App. 3d 1041, 1043, 695 N.E.2d 1374, 1376 (1998) ("MSR terms are statutorily required and *** 'the State has no right to offer the withholding of such a period as a part of the plea negotiations and *** the court has no power to withhold such period in imposing sentence' "). Thus, defendant's implication that the parties in this case *negotiated* the length of the MSR term as part of their plea bargaining is a total fiction. Accordingly, in the present case, when the prosecutor at the guilty-plea hearing stated that the parties had agreed to a recommended sentence of six years in exchange for defendant's guilty plea, that *was* a complete statement of the plea agreement, and that statement fully complied with Rule 402(b)'s requirement that the plea agreement, if any, "be stated in open court."

The requirement that a defendant be informed of any MSR term arises from Rule 402(a)(2), which mandates that the trial court must inform the defendant personally in open court of "the minimum and maximum sentence prescribed by law." 177 Ill. 2d R. 402(a)(2). Because, as the supreme court made clear in *Whitfield,* an MSR term is an automatic part of every prison sentence (" 'compliance with Rule 402(a)(2) requires that a defendant be admonished that the mandatory period of parole [now called mandatory supervised release] pertaining to the offense *is a part of the sentence that will be imposed*' " (emphasis added) (*Whitfield,* 217 Ill. 2d at 188, 840 N.E.2d at 665, quoting *People*

*v. Wills*, 61 Ill. 2d 105, 109, 330 N.E.2d 505, 508 (1975))), the trial court must so inform a defendant of this sentencing provision at the time he pleads guilty. However, this requirement under Rule 402(a)(2) that the defendant be informed of any MSR term has nothing whatsoever to do with plea bargaining or plea agreements. Accordingly, as long as the trial court informs a defendant at the time of his guilty plea that an MSR term must follow any prison sentence that is imposed upon him, he has received all the notice and all the due process to which he is entitled regarding MSR.

Of course, it would still be a sound practice for defense counsel, when explaining the possible (or certain) prison sentence that a defendant would be subject to as a result of his guilty plea, to also say something like the following to his client: "By the way, you would still have to serve a one-year term of mandatory supervised release, that used to be called parole, after you get out of prison." And, likewise, it would be a sound practice for the trial court, at the time of the guilty plea, to make the same point by saying something along these lines: "Do you understand, Mr. Defendant, that in addition to the six-year prison sentence that your attorney and the prosecutor have agreed to, you would also have to serve a one-year term of mandatory supervised release, that used to be called parole [(not the initials MSR, which is less likely to be clearly understood)], after you get out of prison?" These additional remarks by defense counsel or the trial court to the defendant would literally take only a few seconds to communicate and might result in a better informed defendant. However, their absence does not constitute a violation of Rule 402, the parties' plea agreement, or the defendant's due-process rights.

In *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1082, the supreme court acknowledged that its decision in *Whitfield* had created some confusion regarding what information a trial court must convey to ensure compliance with the requirements of Rule 402 and due-process. Taking the opportunity to clarify its decision in *Whitfield*, the supreme court stated the following:

> "Ultimately, admonishments are given to ensure that 'the plea was entered intelligently and with full knowledge of its consequences' [citation], but they must also advise the defendant of the actual terms of the bargain he has made with the State. An admonition that uses the term 'MSR' without putting it in some relevant context cannot serve to advise the defendant of the consequences of his guilty plea and cannot aid the defendant in making an informed decision about his case. We recognize that there is no precise formula in admonishing a defendant of his MSR obligation, and we are mindful that '[a]n admonition of the court must be read

in a practical and realistic sense. *The admonition is sufficient if an ordinary person in the circumstances of the accused would understand it to convey the required warning.*' [Citation.] The trial court's MSR admonishments need not be perfect, but they must substantially comply with the requirements of Rule 402 and the precedent of this court. [Citation.] *Whitfield* requires that defendants be advised that a term of MSR will be added to the actual sentence agreed upon in exchange for a guilty plea to the offense charged." (Emphasis added.) *Morris*, 236 Ill. 2d at 366-67, 925 N.E.2d at 1082.

### D. The Application of *Morris* to This Case

We first note that although the *Morris* court sought to clarify its decision in *Whitfield*, it again did so, in part, by making a reference to the defendant's plea agreement with the State. See *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1082 ("admonishments are given to ensure that 'the plea was entered intelligently and with full knowledge of its consequences' [citation], but they must also advise the defendant of the actual terms of the bargain he has made with the State"). However, as we have previously explained regarding *Whitfield*, MSR is never part of plea bargaining. This key point entirely undercuts defendant's contentions, and nothing in *Morris* changes our conviction that MSR is never part of plea bargaining. We note again that the trial court in this case, *at the guilty-plea hearing*, accurately admonished defendant as to both the requirement and the length of MSR. Further, we commend the trial court for adding the explanation at that hearing that MSR is "what used to be known as parole."

Since the supreme court's decision in *Whitfield*, this court has consistently rejected claims that have attempted to broaden *Whitfield*'s fundamental holding. See *People v. Borst*, 372 Ill. App. 3d 331, 334, 867 N.E.2d 1181, 1184 (2007) (declining to follow *Whitfield* because the court had admonished the defendant about the applicable MSR term at his guilty-plea hearing); *People v. Jarrett*, 372 Ill. App. 3d 344, 352, 867 N.E.2d 1173, 1180 (2007) (distinguishing *Whitfield* because the court had admonished the defendant at his guilty-plea hearing that an additional MSR term applied); *Holt*, 372 Ill. App. 3d at 652-53, 867 N.E.2d at 1195 (rejecting the defendant's argument because the court had previously admonished him that a three-year MSR term applied). We adhere to the views expressed in those cases and believe that nothing in *Morris* requires that we change them. Thus, until such time as supreme court precedent states otherwise, we reject defendant's argument that his one-year MSR term was part of plea bargaining and needed to be described as such by the trial court at the time he pleaded guilty in order for the court to have complied with Rule 402(b).

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

APPLETON and McCULLOUGH, JJ., concur.