# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### People v. Bowens, 2013 IL App (4th) 120860

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. D'ARIOUS M. BOWENS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0860 |
| Filed<br>Rehearing denied | November 19, 2013<br>January 21, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's *pro se* postconviction petition alleging that his trial counsel was ineffective in failing to use an available peremptory challenge to excuse a prospective juror who was the trial judge's husband was reversed and the cause was remanded for a second-stage hearing, since defendant raised the gist of a constitutional claim that had an arguable basis in fact and law and should not have been dismissed at the first stage; furthermore, the Chief Judge of the Eleventh Judicial Circuit was directed to assign the case to a judge other than the trial judge and to appoint counsel for defendant, because a judge should disqualify herself in a proceeding in which the judge's impartiality might reasonably be questioned. |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 08-CF-33; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Colleen Morgan, all of State Appellate Defender's Office, of Springfield, for appellant.

Seth Uphoff, State's Attorney, of Pontiac (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.
Justice Harris concurred in the judgment and opinion.
Presiding Justice Steigmann dissented, with opinion.

**OPINION**

¶ 1    In January 2009, a jury convicted defendant D'Arious Bowens of attempt (first degree murder) (720 ILCS 5/8-4, 9-1(a)(1) (West 2008)), aggravated domestic battery (720 ILCS 5/12-3.3 (West 2008)), and two counts of aggravated battery (720 ILCS 5/12-3 (West 2008)). The evidence showed defendant stabbed his girlfriend multiple times in the torso, arms, armpits, wrists, and back. His defense at trial centered upon a lack of evidence to prove he had the intent to kill. In April 2009, the trial court sentenced defendant to 24 years in prison.

¶ 2    Defendant appealed, arguing, in part, that the trial court erred by failing to excuse the trial judge's husband from the jury for cause. This court affirmed. *People v. Bowens*, 407 Ill. App. 3d 1094, 1120, 943 N.E.2d 1249, 1273 (2011) (Pope, J., dissenting).

¶ 3    In May 2012, defendant *pro se* filed a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-7 (West 2012)), alleging ineffective assistance of trial counsel because his lawyer failed to use a peremptory challenge to excuse the prospective juror who was the trial judge's husband. In August 2012, the trial court dismissed defendant's petition, concluding it was frivolous and patently without merit.

¶ 4    Defendant appeals. We reverse and remand with directions.

¶ 5                                I. BACKGROUND

¶ 6    We do not recount the evidence at trial, as we discussed it in our opinion following defendant's direct appeal. *Bowens*, 407 Ill. App. 3d at 1095-96, 943 N.E.2d at 1254-55. Suffice it to say, the evidence of defendant's guilt was overwhelming.

¶ 7    On appeal, defendant argued, *inter alia*, the trial judge committed reversible error by permitting her husband to serve on the jury, despite defendant's challenge for cause. The majority held defendant's failure to exercise a peremptory challenge to Scott Bauknecht when he had peremptory challenges available amounted to an affirmative acquiescence to

Bauknecht's jury service and a waiver of the issue on appeal. *Id.* at 1100, 943 N.E.2d at 1258. The majority went on to find "[i]n a situation like this, where defense counsel affirmatively acquiesces to actions taken by the trial court, a defendant's only challenge may be presented as a claim for ineffective assistance of counsel on collateral attack." *Id.* at 1101, 943 N.E.2d at 1258.

¶ 8 Defendant has now mounted a collateral attack, alleging in his *pro se* postconviction petition his lawyer was ineffective for failing to use a peremptory challenge to remove the trial judge's husband from the jury. Judge Bauknecht summarily dismissed the petition as frivolous and patently without merit. This appeal followed. We now reverse and remand with directions.

¶ 9 <h2 style="text-align:center">II. ANALYSIS</h2>

¶ 10 A defendant may proceed under the Act by alleging that "in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2010). "In noncapital cases, the Act establishes a three-stage process for adjudicating a postconviction petition." *People v. Andrews*, 403 Ill. App. 3d 654, 658, 936 N.E.2d 648, 652 (2010).

¶ 11 "At the first stage, 'the trial court, without input from the State, examines the petition *only* to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit.' " (Emphasis in original.) *Andrews*, 403 Ill. App. 3d at 658, 936 N.E.2d at 652 (quoting *People v. Phyfiher*, 361 Ill. App. 3d 881, 883, 838 N.E.2d 181, 184 (2005)). To withstand dismissal at the first stage, the petition need only state the gist of a constitutional claim for relief and have an arguable basis in law or in fact. *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16, 912 N.E.2d at 1212. Moreover, the "gist" standard is a low threshold that does not require a petitioner to set forth the constitutional claim in its entirety but, instead, requires only a limited amount of detail. *People v. Scott*, 2011 IL App (1st) 100122, ¶ 24. This court reviews *de novo* a first-stage dismissal of a petition under the Act. *People v. Dorsey*, 404 Ill. App. 3d 829, 833, 942 N.E.2d 535, 539 (2010).

¶ 12 We look to *Strickland v. Washington*, 466 U.S. 668 (1984), when considering an ineffective assistance of counsel claim. Under *Strickland*, a defendant must show both that counsel's performance "fell below an objective standard of reasonableness" and the deficient performance prejudiced the defense. *Id.* at 688. "[A] petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17, 912 N.E.2d at 1212.

¶ 13 Here, defendant has raised the gist of a constitutional claim. His attorney allowed the trial judge's husband to be seated as a juror at a time he still possessed peremptory challenges. Other courts have found a violation of a defendant's constitutional right to a fair trial where

a spouse or other close relative of the presiding trial judge serves as a juror in the case, regardless of whether peremptory challenges existed or not. See, *e.g.*, *People v. Hartson*, 553 N.Y.S.2d 537 (N.Y. App. Div. 1990); *State v. Tody*, 2009 WI 31, 316 Wis. 2d 689, 764 N.W.2d 737; *Elmore v. State*, 144 S.W.3d 278 (Ark. 2004). Moreover, our supreme court has held where a defendant is denied his right to trial before a fair and impartial jury because of the wrongful denial of a challenge for cause, "his conviction must be reversed and he must receive a new trial." *People v. Taylor*, 101 Ill. 2d 377, 387, 462 N.E.2d 478, 482 (1984). Thus, defendant's claim has an arguable basis in both fact and law and should not have been dismissed at the first stage of the proceedings.

¶ 14 Accordingly, we reverse the summary dismissal of defendant's postconviction petition and direct the trial court to appoint counsel for defendant and proceed to the second stage of proceedings. New counsel should determine whether defendant's petition should be amended. *People v. Boclair*, 202 Ill. 2d 89, 100, 789 N.E.2d 734, 740-41 (2002); see also 725 ILCS 5/122-4 (West 2012). The State shall then file an answer or a motion to dismiss. 725 ILCS 5/122-5 (West 2012). At the second stage, the trial court "must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." *People v. Edwards*, 197 Ill. 2d 239, 246, 757 N.E.2d 442, 446 (2001). If a substantial showing of a constitutional violation is set forth, the cause will proceed to the third stage and an evidentiary hearing on the merits of the petition. *Boclair*, 202 Ill. 2d at 100, 789 N.E.2d at 740-41; see also *Edwards*, 197 Ill. 2d at 246, 757 N.E.2d at 446.

¶ 15 Further, although the trial judge who presided over the trial would ordinarily hear defendant's postconviction petition, this case now involves a decision regarding whether the trial judge's husband's service on the jury violated defendant's constitutional rights. Since the issue involves a family member of the trial judge, on remand the Chief Judge of the Eleventh Judicial Circuit is directed to assign a judge other than Judge Bauknecht to hear defendant's postconviction petition and to appoint counsel for defendant. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994); *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262-63, 807 N.E.2d 439, 448 (2004); see also Ill. S. Ct. R. 63C(1) (eff. Apr. 16, 2007) ("[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned").

¶ 16                                    III. CONCLUSION

¶ 17 The trial court's summary dismissal of defendant's postconviction petition is reversed. Cause remanded for appointment of counsel and stage-two proceedings by a judge other than Judge Bauknecht.

¶ 18 Reversed and remanded with directions.

¶ 19 JUSTICE STEIGMANN, dissenting.

¶ 20 I agree with my distinguished colleagues that it was unwise for the trial judge to deny

defendant's challenge for cause of the trial judge's husband's serving as a juror in this case. However, consistent with the opinion I wrote for this court in *People v. Bowens*, 407 Ill. App. 3d 1094, 943 N.E.2d 1249 (2011), when this case was last before this court, I disagree that the trial court erred by dismissing defendant's postconviction petition at the first stage of the postconviction hearing process. Accordingly, I respectfully dissent.