NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190418-U

NO. 4-19-0418

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 24, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| MICHAEL T. McNEELY, | ) | No. 14CF398 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not err in summarily dismissing defendant's postconviction petition.

¶ 2     On March 25, 2015, defendant, Michael T. McNeely, pleaded guilty to aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2012)). Pursuant to defendant's negotiated plea agreement, he was sentenced to 10 years' imprisonment. In accordance with the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(d)(1) (West 2012)), the court also sentenced defendant to serve a three-year term of mandatory supervised release (MSR). Four years later, defendant filed a postconviction petition claiming he was denied the benefit of his plea bargain because his plea agreement had included a one-year term of MSR. Defendant additionally claimed his defense counsel provided ineffective assistance by negotiating a plea agreement that contained a one-year term of MSR when the Code mandated a three-year term. The trial court summarily dismissed

defendant's petition.

¶ 3        Defendant appeals, arguing the trial court erred in dismissing his postconviction petition because he stated the gist of a claim that he was denied the benefit of his plea bargain and that the court failed to admonish him that his sentence would include a three-year term of MSR. In the alternative, defendant argues the court erred in summarily dismissing his postconviction petition because he stated the gist of a claim that he received ineffective assistance of counsel. We affirm.

¶ 4                                                    I. BACKGROUND

¶ 5        On April 11, 2014, the State charged defendant with attempted murder (720 ILCS 5/8-4, 9-1 (West 2012)), and unlawful possession of a weapon by a felon (*id.* § 24-1.1). Later, the State additionally charged defendant with aggravated battery with a firearm (*id.* § 12-3.05(e)(1)). On March 25, 2015, defendant pleaded guilty to aggravated battery with a firearm.

¶ 6        At the beginning of the plea hearing, defendant's counsel informed the trial court the parties had reached a "negotiated disposition." Defendant's counsel explained: "The negotiated disposition would involve [aggravated battery with a firearm]. [The other charges] would be dismissed. And he obviously waived preliminary, waived his right to jury trial and we'd proceed immediately to sentencing. This will be a 10 year sentence [Department of Corrections] with 35[5] days credit for time served." After defense counsel stated the terms of the parties' agreement, the following colloquy occurred:

> "THE COURT: Ms. Patel [(assistant state's attorney)], is that your understanding of the proposed plea agreement as stated by [defense counsel]?
>
> [MS. PATEL]: Yes, Your Honor.
>
> THE COURT: Did you understand the proposed plea agreement to be as

stated here by your attorney?

> [DEFENDANT]: Yes, sir."

Later, the court admonished defendant as follows:

> "THE COURT: Now this is a Class X felony. That means probation is not a possible sentence. For this offense, the minimum term in the Illinois Department of Corrections is 6 years up to a maximum prison sentence which is 30 years. In addition to the prison sentence, there would also be a 3-year parole or [MSR] term. I'm not done yet, but so far do you understand the possible sentence so far?

> [DEFENDANT]: Yes, sir."

The court additionally admonished defendant regarding the rights he was waiving by entering a guilty plea, and the State provided a factual basis in support of defendant's plea. Defendant denied anyone forced him to plead guilty, confirmed no one had "promised [him] anything to get [him] to plead guilty" other than his plea agreement, and stated that he was pleading guilty "of [his] own free will." Finally, defendant stated he had no "questions regarding what [he was] charged with, [his] rights, possible sentence or anything else." The court accepted defendant's plea, finding it was "knowingly and voluntarily made." In issuing defendant's sentence, the court stated:

> "Pursuant to plea agreement, the defendant is sentenced to 10 years in the Illinois Department of Corrections with credit for time served in custody from 4-4-14 through 3-24-15 plus a 1 year parole term. Show this is an 85 percent sentence. On motion of the People, Count 1 as to this defendant as well as Count 3 are dismissed and stricken. You got your agreement. That means you can still appeal as I just explained it."

¶ 7     The same day as defendant's plea hearing, the trial court entered a written judgment

indicating defendant was sentenced to three years' MSR, as compared with its earlier oral pronouncement of a one-year MSR term. The written judgment was consistent with the court's oral judgment in all other respects.

¶ 8        Defendant did not appeal his conviction or sentence.

¶ 9        On May 14, 2019, defendant *pro se* filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). In his petition, defendant alleged:

> "(1) the defendant's right to effective assistance of counsel was violated when the defendant's attorney facilitated a plea agreement of 10 years and 1 year of [MSR] whenever the defense counsel did know (or) should have known that the defendant's plea of guilt [*sic*] was to a class of felony that carried a minimum mandatory period of 3 years supervised release. This violated the defendant's 6th amendment (u.s.c.a.).

> (2) The defendant's right to due-process was violated when he was denied his benefit of the bargain wherein his sentence of 11 years (including [MSR]) was increased to 13 years, piercing the 14th (u.s.c.a)."

In a memorandum of law attached to his petition, defendant wrote: "On 3-25-2015 the defendant entered into a negotiated plea agreement which provided that he would serve a term of 10 years in the Illinois Department of Corrections followed by 1 year of [MSR]." Defendant attached to his petition the page from the transcript of his plea hearing containing the trial court's oral sentencing judgment.

¶ 10        In June 2019, the trial court entered a written order summarily dismissing defendant's postconviction petition, finding it to be "frivolous and without merit."

¶ 11        This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13        On appeal, defendant argues the trial court erred in summarily dismissing his postconviction petition because he stated the gist of a claim that he was denied the benefit of his plea bargain and that the court failed to admonish him that his sentence would include a three-year term of MSR. In the alternative, defendant argues the court erred in summarily dismissing his postconviction petition because he stated the gist of a claim that he received ineffective assistance of counsel. We review defendant's claims *de novo*. See *People v. Allen*, 2015 IL 113135, ¶ 19, 32 N.E.3d 615.

¶ 14        "The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763 (citing 725 ILCS 5/122-1(a) (West 2014)). After a postconviction petition is filed, it undergoes a three-stage adjudicatory process. *People v. Harris*, 224 Ill. 2d 115, 125, 862 N.E.2d 960, 967 (2007). At the first stage, the trial court independently reviews the petition and must determine whether the petition states the gist of a constitutional violation or is either frivolous or patently without merit. *People v. Bailey*, 2017 IL 121450, ¶¶ 18-19, 102 N.E.3d 114. A petition may be summarily dismissed as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation. An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* at 16. If a petition is not dismissed at the first stage, it advances to the second stage for further proceedings. *Id.* at 10.

¶ 15    "It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545, 809 N.E.2d 103, 104 (2004). However, despite the waiver, a defendant may collaterally challenge the constitutionality of his guilty plea either by claiming his plea was not made voluntarily and with full knowledge of the consequences or that he did not receive the benefit of the bargain he made with the State. *People v. Whitfield*, 217 Ill. 2d 177, 183-84, 840 N.E.2d 658, 663 (2005).

¶ 16    Both constitutional claims identified in *Whitfield* are rooted in United States Supreme Court precedent. The first claim derives from *Boykin v. Alabama*, 395 U.S. 238 (1969), in which the Court held that, for a guilty plea to be valid under the due process clause, the record must "disclose that the defendant voluntarily and understandingly entered his plea[ ] of guilty." (Internal quotation marks omitted.) *Boykin*, 395 U.S. at 244. To ensure a defendant's plea is entered knowingly and voluntarily, Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 2012), requires, among other things, that during the plea hearing the trial court must inform a defendant of and make sure he understands "the minimum and maximum sentence prescribed by law," including that a term of MSR will be added to his sentence. *People v. Boykins*, 2017 IL 121365, ¶ 12, 93 N.E.3d 504. Additionally, Rule 402(b) requires that the terms of any plea agreement be stated in open court. Ill. S. Ct. R. 402(b) (eff. July 1, 2012). That rule also requires the court to confirm the terms of the plea agreement with the defendant and to determine whether any promises, other than those included in the plea agreement, were used to obtain the defendant's plea. *Id.*

¶ 17    A defendant's right to receive the benefit of his bargain derives from *Santobello v. New York*, 404 U.S. 257 (1971), in which the Court held that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262. "The

principal inquiry, in that respect, is whether the defendant has received the benefit of his bargain." *People v. Donelson*, 2013 IL 113603, ¶ 19, 989 N.E.2d 1101.

¶ 18        In the present case, defendant raises both constitutional claims identified in *Whitfield* to challenge his guilty plea. Defendant first argues he was "denied the benefit of his plea bargain where the trial court sentenced him to 10 years in prison followed by a three-year MSR term, despite his plea agreement calling for a one-year MSR term." Defendant additionally argues, "because [he] understood that his plea agreement included a one-year MSR term, he did not knowingly and voluntarily plead guilty where the trial court neglected to connect the statutorily-mandated three-year MSR term to [his] negotiated sentence." Notably, both of defendant's claims assume that the inclusion of a one-year term of MSR was a part of his plea agreement. Because the record clearly demonstrates both that a one-year MSR term was not a part of defendant's plea agreement and that defendant agreed a one-year MSR term was not a part of his agreement, we reject his claims.

¶ 19        As required under Rule 402(b), the complete terms of defendant's plea agreement were set forth during the guilty plea hearing. During that hearing, defense counsel informed the court that, in exchange for defendant's guilty plea, the State agreed: (1) pending charges against defendant would be dismissed, (2) defendant would receive a 10-year prison sentence, and (3) defendant would receive 355 days' sentencing credit. The prosecutor confirmed this was her understanding of the agreement. Critically, defendant also confirmed this was his understanding of his plea agreement. Neither the State nor defendant corrected defense counsel or otherwise informed the court their agreement included a one-year term of MSR. At no point during the plea hearing (or during any other proceeding for that matter) did the parties mention MSR as a condition of their agreement. Later during the hearing, defendant confirmed that, apart from his plea

agreement, no one had promised him anything to obtain his plea and that he had no questions about his potential sentence. Therefore, the record clearly rebuts defendant's assertions that his plea agreement included a promise by the State that he would only have to serve a one-year term of MSR after the completion of his prison sentence. Accordingly, defendant's claims that he did not receive the benefit of his bargain with the State and that his plea was not entered knowingly and voluntarily as a result of a misunderstanding of his plea agreement are frivolous and patently without merit.

¶ 20     Nonetheless, defendant argues the record does not rebut, but rather supports, his allegations. In support, defendant points to the trial court's oral pronouncement that: "Pursuant to plea agreement, the defendant is sentenced to 10 years in the Illinois Department of Corrections *** plus a 1 year parole term." According to defendant, this pronouncement demonstrates his plea agreement included a one-year MSR term. The State counters that the trial court did not intend to imply by this oral pronouncement that a one-year term of MSR was part of the plea agreement but instead "simply misspoke when it recited defendant's sentence." We agree with the State. As stated above, at no point during the plea hearing or during any other proceeding did the parties indicate they had negotiated a one-year MSR term as part of their plea agreement. Moreover, under the Code (730 ILCS 5/5-8-1(d)(1) (West 2012)), the court was obligated to impose a three-year term of MSR; the court was without discretion to impose a one-year MSR term even if it were included in the parties' plea agreement. See *People v. Andrews*, 403 Ill. App. 3d 654, 664, 936 N.E.2d 648, 657 (2010). The record demonstrates the court was aware of and followed the applicable law: the court admonished defendant that a Class X felony carries a three-year term of MSR and, in its written sentencing order, the court imposed a three-year term of MSR. Thus, it appears the court simply misspoke during its oral pronouncement when it mentioned a one-year term of MSR, and

defendant was not denied the benefit of his bargain.

¶ 21    To the extent defendant's postconviction petition and his appellate brief can be understood to raise a separate claim that his guilty plea was not entered knowingly and voluntarily, as opposed to only raising such a claim in connection with his erroneous contention that his plea agreement included a one-year MSR term, we also reject that claim. In his brief, defendant argues, because the trial court only admonished him about a three-year MSR term while discussing "the range of possible penalties associated with a [C]lass X felony," the admonishment failed to apprise him that an MSR term automatically attached to his negotiated prison sentence. As noted by the State, our supreme court rejected this identical argument in *Boykins*, 2017 IL 121365, ¶ 18.

¶ 22    In *Boykins*, the trial court admonished the defendant during the guilty plea hearing as follows:

> "[T]he sentencing for [the offense to which you would be pleading] is from 20 to 40—20 to 60 years in the Illinois [s]tate penitentiary. If I find that you've been found guilty of the same or greater class felony in the last ten years, the maximum penitentiary time in this case would be life.
>
> Upon your release from the penitentiary, there is a period of three years [MSR], sometimes referred to as parole.
>
> Understanding the nature of the offense and its possible penalties, how do you plead to this matter; guilty or not guilty?" *Id.* ¶ 3.

On review, the supreme court began its analysis by noting Rule 402 and a defendant's right to due process require that "where a defendant enters into a negotiated plea for a specific sentence, the trial court must advise the defendant, prior to accepting his plea, that a term of MSR will be added to the sentence." *Id.* ¶ 13. However, the court also noted that in *People v. Morris*, 236 Ill. 2d 345,

925 N.E.2d 1069 (2010), it had determined there was " 'no precise formula in admonishing a defendant of his MSR obligation' " and " '[t]he admonition is sufficient if an ordinary person in the circumstances of the accused would understand it to convey the required warning.' " *Boykins*, 2017 IL 121365, ¶ 16 (quoting *Morris*, 236 Ill. 2d at 366). Applying *Morris*, the *Boykins* court held that the trial court's admonishment complied with Rule 402 and satisfied defendant's due process rights because "an ordinary person in [the] defendant's circumstances would understand that the penalty for the offense to which he was pleading guilty required a period of imprisonment in the range of at least 20 to 60 years and that any term he served in prison would be followed by a 3-year period of MSR." *Id.* ¶ 18.

¶ 23        In the present case, the trial court's Rule 402(a)(2) admonishment was almost identical to that given in *Boykins*. The court instructed defendant regarding the potential minimum and maximum sentence of incarceration and that a three-year period of MSR would be "[i]n addition to the prison sentence." Thus, in accordance with the court's decision in *Boykins*, we find an ordinary person in defendant's position would understand from this admonishment that his negotiated prison sentence included a three-year period of MSR. Accordingly, we reject any suggestion that defendant did not enter his guilty plea knowingly and voluntarily as a result of the court's admonishment regarding MSR.

¶ 24        Defendant alternatively argues the trial court erred in summarily dismissing his postconviction petition because he stated the gist of a claim that he received ineffective assistance of counsel. Specifically, defendant claims his counsel's conduct rendered his plea involuntary because counsel "erroneously advised [him] about the length of the MSR term that attached to his negotiated prison sentence." Although, under *Tollett v. Henderson*, 411 U.S. 258 (1973), by entering a plea of guilty, a defendant normally forfeits any claim of ineffective assistance regarding

conduct occurring before the entry of the plea, an ineffective assistance claim is not forfeited where, as here, the defendant contends his counsel's defective conduct rendered his plea involuntary. *People v. Miller*, 346 Ill. App. 3d 972, 980-81, 806 N.E.2d 759, 766 (2004).

¶ 25 Generally, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." (Internal quotation marks omitted.) *People v. Moore*, 2020 IL 124538, ¶ 29, 161 N.E.3d 125. "More specifically, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* At the first stage of proceedings under the Act, this standard is modified such that a petition alleging ineffective assistance of counsel is sufficient to proceed to the second stage of proceedings if: "(i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Cathey*, 2012 IL 111746, ¶ 23, 965 N.E.2d 1109. A petition must establish both prongs of the ineffective assistance of counsel analysis; "the failure to establish either precludes a finding of ineffective assistance of counsel." *People v. Cherry*, 2016 IL 118728, ¶ 24, 63 N.E.3d 871. Here, defendant's claim fails because he cannot demonstrate he was prejudiced by his counsel's allegedly defective conduct.

¶ 26 A defendant's failure to establish prejudice may be shown when the trial court's Rule 402 admonishments were sufficient to overcome any prejudice that could have resulted from his counsel's deficient performance. See *People v. Hall*, 217 Ill. 2d 324, 336-41, 841 N.E.2d 913, 921-24 (2005); *People v. Ramirez*, 162 Ill. 2d 235, 243-45, 642 N.E.2d 1224, 1227-28 (1994); *People v. Jones*, 144 Ill. 2d 242, 262-66, 579 N.E.2d 829, 837-39 (1991). The critical issue is

"whether the trial court's admonitions were sufficiently related to counsel's erroneous advice to overcome the prejudice created by that advice." *Hall*, 217 Ill. 2d at 339. During the plea hearing in the present case, the court admonished defendant that he would receive a three-year term of MSR, in contrast to the advice defendant claims he received from counsel that he would only receive a one-year term. As noted above, defendant acknowledged he understood the court's admonition regarding the minimum and maximum available sentences, including that a three-year period of MSR would be "[i]n addition to the prison sentence." This acknowledgment, as well as defendant's later acknowledgment that there were no agreements or promises regarding his sentence beyond those in the plea agreement described to the court, directly contradict his current assertion that he pleaded guilty in reliance on counsel's advisement that he would receive a one-year MSR term. We find defendant's guilty plea did not result from his counsel's allegedly defective advice but instead was entered voluntarily and with full knowledge of the statutory three-year term of MSR. Thus, his ineffective assistance of counsel claim fails.

¶ 27                            III. CONCLUSION

¶ 28            For the reasons stated, we affirm the trial court's judgment.

¶ 29            Affirmed.