NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170624-U

NO. 4-17-0624

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 30, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| MICHAEL E. NIXON, | ) | No. 12CF1224 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court did not err in summarily dismissing defendant's postconviction petition.

¶ 2    On May 3, 2017, defendant, Michael E. Nixon, filed a postconviction petition, which the trial court summarily dismissed in a written order entered on July 25, 2017. Defendant appeals, arguing the trial court erred by summarily dismissing his postconviction petition without "examining" each claim raised therein within 90 days as mandated by the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2016)). We disagree and affirm.

¶ 3                          I. BACKGROUND

¶ 4                    A. The Charge, Plea, and Sentence

¶ 5        In August 2012, the State charged defendant by information with residential

burglary (720 ILCS 5/19-3 (West 2010)). In October 2013, defendant's case proceeded to a jury

trial. Following opening statements and commencement of the State's case-in-chief, defendant

informed the trial court he wished to enter an open guilty plea. The trial court accepted

defendant's plea and sentenced him as a Class X offender to 20 years' imprisonment.

¶ 6                        B. Postsentencing Motions and Direct Appeal

¶ 7        We discussed the proceedings on defendant's postsentencing motions and the

issues he raised on direct appeal in *People v. Nixon*, 2016 IL App (4th) 150338-U. Further

discussion is not necessary for purposes of this appeal.

¶ 8                        C. Postconviction Petition and Dismissal Order

¶ 9        On May 3, 2017, defendant filed a postconviction petition raising numerous

claims of ineffective assistance of trial counsel. Defendant also raised one ineffective-assistance-

of-appellate-counsel claim and one due process claim. On July 25, 2017, the trial court entered a

written order summarily dismissing defendant's petition. The trial court noted defendant made

"numerous claims of ineffective assistance" of trial counsel, but the court never explicitly

referenced defendant's ineffective-assistance-of-appellate-counsel claim or his due process claim

in its written order.

¶ 10        This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12        Defendant argues the trial court erred by summarily dismissing his postconviction

petition without "examining" each claim raised therein within 90 days as mandated by the Act.

See 725 ILCS 5/122-2.1(a) (West 2016). We review *de novo* the summary dismissal of a

postconviction petition. *People v. Bowens*, 2013 IL App (4th) 120860, ¶ 11, 1 N.E.3d 638.

¶ 13                                    A. The Act

¶ 14        The Act provides a three-stage procedure, instituted by the filing of a

postconviction petition, for criminal defendants to collaterally attack their convictions based on a

substantial denial of their constitutional rights. 725 ILCS 5/122-1 (West 2016); *People v.*

*Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009). At the first stage, the trial court must,

within 90 days of the petition's filing and docketing, "examine" the petition and, if it determines

the petition is frivolous or patently without merit, enter a written order dismissing it. 725 ILCS

5/122-2.1(a)(2) (West 2016). Since the dismissal of a postconviction petition is a final judgment,

partial dismissals are prohibited under the Act. *People v. Rivera*, 198 Ill. 2d 364, 371, 763

N.E.2d 306, 310 (2001). A summary-dismissal order impliedly denies all requests in the

defendant's prayer for relief. *People v. Harris*, 224 Ill. 2d 115, 139, 862 N.E.2d 960, 975 (2007).

When entering a dismissal order, "the court is not required to provide a written response to each

and every specific claim that is presented within a postconviction petition." *People v. Maclin*,

2014 IL App (1st) 110342, ¶ 27, 12 N.E.3d 648. We presume the trial court is familiar with and

follows the mandates of the Act, unless the record affirmatively indicates otherwise. *People v.*

*Gaultney*, 174 Ill. 2d 410, 420, 675 N.E.2d 102, 107 (1996).

¶ 15                        B. The Trial Court Complied With the Act

¶ 16        Defendant argues we must reverse the trial court's judgment and remand for

second-stage proceedings because the court failed to "examine" his entire petition within 90 days

as required by the Act. See 725 ILCS 5/122-2.1(a) (West 2016). Specifically, defendant contends

the court's dismissal order affirmatively rebuts the presumption the court complied with the Act

because it is limited to consideration of defendant's ineffective-assistance-of-trial-counsel

claims, without reference to his (1) ineffective-assistance-of-appellate-counsel or (2) due process

claims. The First District addressed a similar argument in *Maclin*, 2014 IL App (1st) 110342, and we find its reasoning helpful in the instant case.

¶ 17    In *Maclin*, the First District rejected the defendant's argument the trial court failed to comply with the Act because its dismissal order did not address, individually, every claim raised in the defendant's postconviction petition. *Maclin*, 2014 IL App (1st) 110342, ¶ 28. The *Maclin* court noted trial courts "[are] not required to provide a written response to each and every specific claim" raised in a postconviction petition and a summary-dismissal order "impliedly denies all requests in the defendant's prayer for relief." *Id.* ¶ 27 (citing *Harris*, 224 Ill. 2d at 139). The *Maclin* court further found the trial court's written order did, in fact, demonstrate the court considered all of the claims in the petition because, "[a]lthough the trial court did not use the exact language incorporated into [the] petition, it summarized and discussed [the defendant's] three main claims" and "[t]he claims [the defendant] argue[d] the trial court ignored were underlying claims imbedded in and discussed within his main arguments." *Id.* ¶ 28.

¶ 18    We find the trial court's written dismissal order in this case demonstrates the court "examined" defendant's entire petition in compliance with the Act. The claims defendant argues the trial court failed to consider were underlying claims embedded in and discussed within his main arguments of ineffective assistance of trial counsel.

¶ 19                    1. *Ineffective Assistance of Appellate Counsel*

¶ 20    In his postconviction petition, defendant argued trial counsel was ineffective for, in relevant part, failing "to suppress statements that were supposedly made by the defendant to [a detective] before he was *Mirandized*." Defendant also argued appellate counsel was ineffective for failing to raise this issue on direct appeal.

¶ 21    A defendant who alleges ineffective assistance of appellate counsel "must establish both a deficiency in counsel's performance and prejudice resulting from the asserted deficiency." *People v. Edwards*, 195 Ill. 2d 142, 163, 745 N.E.2d 1212, 1224 (2001). "Appellate counsel is not required to brief every conceivable issue on appeal *** and it is not incompetence for counsel to refrain from raising [meritless] issues ***. [Citation.] For these reasons, unless the underlying issue is meritorious, a defendant cannot be said to have incurred any prejudice from counsel's failure to raise the particular issue on appeal. [Citation.]" *Id.* at 163-64.

¶ 22    In its dismissal order, the trial court explicitly stated the following: "Because there is no specific basis cited for the filing of a motion to suppress, there is no arguable suggestion in the Petition that the outcome would have been different had a successful motion to suppress evidence *** been filed." By finding the underlying issue—ineffective assistance of trial counsel for failing to file a motion to suppress—meritless, the trial court implicitly found defendant's ineffective-assistance-of-appellate-counsel claim to be meritless, as defendant would have been unable to demonstrate arguable prejudice from appellate counsel's failure to raise the issue on appeal. The Act does not require the trial court to have specifically stated it found defendant's ineffective-assistance-of-appellate-counsel claim meritless. See *Maclin*, 2014 IL App (1st) 110342, ¶ 27.

¶ 23    2. *Due Process*

¶ 24    Defendant argued trial counsel was "ineffective for not arguing or finding merit" in his allegation that "[t]he evidence will show that the federal incarceration the State's Attorney maliciously allowed her witnesses in aggravation [at sentencing] to fictitiously make-up is totally false." Defendant further claimed his due process rights were violated by the State's knowing use of this allegedly perjured testimony at sentencing.

¶ 25        In its order, the trial court found defendant failed to "set[ ] forth any facts showing how [trial counsel] *** allowed perjured testimony by the State without objection." The underlying claim embedded in defendant's ineffective-assistance-of-trial-counsel claim was the State used perjured testimony at his sentencing hearing in violation of his due process rights. However, as the trial court properly concluded, defendant failed to allege any facts to support the allegation the State used perjured testimony aside from the conclusory allegation the State's witnesses "fictitiously made-up" a "federal incarceration." The trial court's conclusion further served as an implicit denial of defendant's due process claim and shows the court considered the allegation but concluded it lacked an arguable factual basis. The Act did not require the trial court to specifically state it found defendant's due process claim meritless. See *id.*

¶ 26                         III. CONCLUSION

¶ 27        For the reasons stated, we affirm the trial court's judgment.

¶ 28        Affirmed.